ROBERT R. POWELL, SBN: 159747
SARAH E. MARINHO, SBN: 293690
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201 F: (408) 553-0203
E: rpowell@rrpassociates.com

RACHEL R. RAYMOND, SBN: 269832
LAW OFFICES OF RACHEL R. RAYMOND
1151 El Centro Street, Suite D
S. Pasadena, CA 91030-5756
T: (626) 269-9490 F: (626) 639-3140

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL SCANLON, et al,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>COUNTY OF LOS ANGELES, et al,<br><br>                              Defendants. | Case No. 18-CV-07759-CBM-AS<br><br>NOTICE OF MOTION AND MOTION FOR PRODUCTION OF JUVENILE CASE FILES<br><br>Date: 3/26/19    Time: 9:00 AM<br>Location: 350 W. 1st St., Courtroom 8B<br>            Los Angeles, Ca.<br>            [Judge Consuelo B. Marshall] |

**PLEASE TAKE NOTICE THAT**, on the date, at the time, and at the location stated above, or as soon thereafter as the matter may be heard, Plaintiffs will move and do hereby move the Court for an Order that the Juvenile Court of the County of Los Angeles shall produce court filed documents in the timely and efficient manner described in this Motion, and the Department of Children and

Family Services of said County, shall produce the entire "juvenile case file" as that term is described by California Rules of Court, Section 5.552, also in the timely and efficient manner described in this Motion.

This motion is based on the pleadings and declarations filed herewith, and any reply to the anticipated opposition of the County of Los Angeles and employee defendants thereof, as well as on this Court's Standing Order (Dkt. 9 herein), Welfare & Institutions Code ("WIC") Section 827, California Rules of Court, Section 5.552, FRCP 26 and evidence adduced in this proceeding thus far, and such other law, facts, and argument as presented at time of hearing.

Dated: February 23, 2019                 _/S/ Robert R. Powell_____
                                         ROBERT R. POWELL, ESQ.
                                         Attorney for Plaintiffs

## CERTIFICATION OF MEET AND CONFER

I, Robert Powell, hereby certify I have met and conferred with counsel for defendants through e-mail exchanges occurring initially February 20th, 2019, then February 22nd, and finally February 23rd. Counsel for County Defendants (referring to both the County and employee defendants thereof) are opposed to the requested relief.

Dated: February 25, 2019                 _/S/ Robert R. Powell_____
                                         ROBERT R. POWELL, ESQ.
                                         Attorney for Plaintiffs

ii

# **TABLE OF CONTENTS**

Certification of Meet and Confer…………………………………………….. ii

Table of Authorities…………………………………………………….. iii

Points And Authorities In Support Of Motion………………………….. 1

I.    Introduction & Background…………………………………….. 1

II.    Argument…………………………………………………….. 7

    A.   This Court Has Authority To Order Disclosure………………….. 7

    B.   Plaintiffs Have Access To The Juvenile Case File But Defendants Do Not; And The Section 827 Petition Process Is Inconsistent With Federal Discovery Requirements……………………………….. 10

III.   Conclusion…………………………………………………….. 14

iii

Notice Of Motion And Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

1
2

# **TABLE OF AUTHORITIES**

3

**CASES CITED**
[* denotes District Court Case in Central District]

4
5

*Baker v. County of L.A.,* U.S.D.C.(Central); 11-CV-05550 ………………….. 5

6

*Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir.1975)………………... 12

7
8

*Filarsky v. Delia*, 566 U.S. 377 (2012)………………………………………. 8

9

*Foster v. Superior Court*, 107 CA.3d 218 (1980)……………………………. 10

10

*Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003)……………………………. 8

11

*Horn v. Hornbeak*, 2010 WL 1027508 (E.D. Cal. March 18, 2010)…………… 9

12
13

*In re Anthony H.*, 129 CA.4th 495(2005)………………………………………. 9

14

*In re Keisha T.*, 38 CA.4th 220 (1995)…………………………………………. 9

15

*Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987)……………………. 8

16
17

*Maldonado v. Secretary of Calif. Dept of Corr. & Rehab.*,
2007 WL 4249811 (E.D. Cal. 2007)……………………………………………. 9

18
19

*Miller v. Pancucci*, 141 F.R.D. 292 (C.D.Cal.1992)…………………………… 12

20

*Monteihl v. County of L.A.,* U.S.D.C. (Central); Case #10-CV-08183-………... 5

21

*Navajo Express v. Superior Court*, 186 CA.3d 981 (1986)……………………10

22
23

*Pack v. Kings County Human Services Agency*, 89 CA.4th 821 (2001)……… 11

24

*Sigal v. County of L.A*, U.S.D.C.(Central); Case #17-CV-04851………. Passim

25

Notice Of Motion And Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995)................................. 8

*\*Xoss v. County of L.A.* 2:12-cv-01400-PSG-RZ………………………………… 6

**FEDERAL STATUTES**

F.R.C.P §1………………………………………………………………………… 1

F.R.C.P. §26………………………………………………………………… 11, 12

F.R.E. §402…………………………………………………………………… 12

F.R.E §501………………………………………………………………… 8

**CALIFORNIA STATUTES**

Evidence Code §1043…………………………………………………………8

Evidence Code §1045…………………………………………………………8

Penal Code, §832.7………………………………………………………... 8

Penal Code §832.8………………………………………………………… 8

California Rule of Court 5.552……………………………………… 7, 9, 11, 12

Welfare and Institutions Code §827……………………………………… passim

v

Family Services of said County, shall produce the entire "juvenile case file" as that term is described by California Rules of Court, Section 5.552, also in the timely and efficient manner described in this Motion.

This motion is based on the pleadings and declarations filed herewith, and any reply to the anticipated opposition of the County of Los Angeles and employee defendants thereof, as well as on this Court's Standing Order (Dkt. 9 herein), Welfare & Institutions Code ("WIC") Section 827, California Rules of Court, Section 5.552, FRCP 26 and evidence adduced in this proceeding thus far, and such other law, facts, and argument as presented at time of hearing.

Dated: February 23, 2019                    _/S/ Robert R. Powell_____
                                            ROBERT R. POWELL, ESQ.
                                            Attorney for Plaintiffs


## **CERTIFICATION OF MEET AND CONFER**

I, Robert Powell, hereby certify I have met and conferred with counsel for defendants through e-mail exchanges occurring initially February 20th, 2019, then February 22nd, and finally February 23rd. Counsel for County Defendants (referring to both the County and employee defendants thereof) are opposed to the requested relief.

Dated: February 25, 2019                    _/S/ Robert R. Powell_____
                                            ROBERT R. POWELL, ESQ.
                                            Attorney for Plaintiffs

ii

# **TABLE OF CONTENTS**

Certification of Meet and Confer………………………………………….. ii

Table of Authorities…………………………………………………….. iii

Points And Authorities In Support Of Motion…………………………... 1

I.     Introduction & Background…………………………………….. 1

II.    Argument…………………………………………………...  7

       A.    This Court Has Authority To Order Disclosure………………….. 7

       B.    Plaintiffs Have Access To The Juvenile Case File But
             Defendants Do Not; And The Section 827 Petition
             Process Is Inconsistent With Federal
             Discovery Requirements…………………………………. 10

III.   Conclusion……………………………………………………… 14

iii

Notice Of Motion And Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

1

2

# **TABLE OF AUTHORITIES**

3

**CASES CITED**

4

[* denotes District Court Case in Central District]

5

*Baker v. County of L.A.,* U.S.D.C.(Central); 11-CV-05550 ………………….. 5

6

*Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir.1975)…………………... 12

7

8

*Filarsky v. Delia*, 566 U.S. 377 (2012)…………………………………………. 8

9

*Foster v. Superior Court*, 107 CA.3d 218 (1980)……………………………... 10

10

*Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003)……………………………. 8

11

*Horn v. Hornbeak*, 2010 WL 1027508 (E.D. Cal. March 18, 2010)…………… 9

12

13

*In re Anthony H.*, 129 CA.4th 495(2005)……………………………………….. 9

14

*In re Keisha T.*, 38 CA.4th 220 (1995)………………………………………….. 9

15

*Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987)…………………… 8

16

17

*Maldonado v. Secretary of Calif. Dept of Corr. & Rehab.*,
2007 WL 4249811 (E.D. Cal. 2007)…………………………………………….. 9

18

19

*Miller v. Pancucci*, 141 F.R.D. 292 (C.D.Cal.1992)…………………………… 12

20

*Monteihl v. County of L.A.,* U.S.D.C. (Central); Case #10-CV-08183-……….. 5

21

*Navajo Express v. Superior Court*, 186 CA.3d 981 (1986)……………………10

22

*Pack v. Kings County Human Services Agency*, 89 CA.4th 821 (2001)……… 11

23

24

*Sigal v. County of L.A*, U.S.D.C.(Central); Case #17-CV-04851………. Passim

25

iv

---

Notice Of Motion And Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995)................................. 8

*\*Xoss v. County of L.A.* 2:12-cv-01400-PSG-RZ……………………………… 6

**FEDERAL STATUTES**

F.R.C.P §1…………………………………………………………………… 1

F.R.C.P. §26…………………………………………………… 11, 12

F.R.E. §402…………………………………………………… 12

F.R.E §501…………………………………………………… 8

**CALIFORNIA STATUTES**

Evidence Code §1043……………………………………………8

Evidence Code §1045……………………………………………8

Penal Code, §832.7………………………………………………... 8

Penal Code §832.8……………………………………………… 8

California Rule of Court 5.552………………………………… 7, 9, 11, 12

Welfare and Institutions Code §827………………………………… passim

v

# POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## I.   INTRODUCTION & BACKGROUND

This Court's first point in its Standing Order (Dkt. 9 herein), other than the comment regarding this is the Court to which the case has been assigned, is,

> Both the Court and the attorneys bear responsibility for the progress of litigation in this Court. To secure the just, speedy, and inexpensive determination of every action, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.1 FED.R.CIV.P 1.

Plaintiffs have no idea whether this Court has ever had occasion to deal with any case previously that involved obtaining records from the County of Los Angeles' Department of Children & Family Services.  ("DCFS")  If the Court has had such experience, then Plaintiff submits it will likely read the following background with a slight but running affirmative nod of the head. The problems Plaintiffs will be addressing are truly deserving of the moniker "legend."   The "just, speedy, and inexpensive determination of" this matter will at the very least fail miserably on the "speedy" prong, without the Order Plaintiffs are requesting.

Attached to the Declaration of Robert R. Powell, are the declarations of Donnie R. Cox, Esq., and Shawn A. McMillan, Esq., two attorneys who actually handle this kind of litigation – civil rights claims against child protective service agencies and law enforcement – in the State of California.  [Ex.'s A & B respectively]

1

---

Notice Of Motion And Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

There are less than twelve (12) or so attorneys total – and that is including the associate attorneys of these gentlemen and the undersigned – who handle this type of litigation on a regular, day to day basis and it makes up 70%-90% or more of their practice of law.  The undersigned submits without the slightest hesitation that Mr. Cox, his long time colleague Mr. Paul Leehey, Mr. McMillan and the undersigned, are Plaintiff attorneys with far and away the most experience in litigation of this kind against the County of Los Angeles.  This is not offered as boast, but because these counsel and Plaintiffs counsel herein have the experience, and most importantly, the experiences are identical in the material aspects relevant to this motion and obtaining the juvenile case files from the County of Los Angeles Superior Court Juvenile Division.

"Juvenile case files" are as defined by Cal. Rule of Court 5.552, and with or without the overlay of a civil rights action, the California law governing how you obtain and use the juvenile case file contents is addressed by W&IC 827, and filing a Petition pursuant to that code section in the Superior Court.

The aforementioned attorney's experiences are contained in their attached declarations, fairly recently prepared for assisting in an effort to obtain the juvenile case files in the case of *Sigal v. County of Los Angeles*, U.S.D.C. – Central Dist., Case #17-CV-04851-RGK-AGR   *Sigal* was another case with an outrageous wait time for the juvenile case file.

2

As explained in the Declaration of Robert R. Powell, and the Declaration of Donnie R. Cox, and the Declaration of Shawn A. McMillan, submitted in support of this Motion, obtaining these records through the ostensibly routine method of filing a request under W&IC 827 in the County of Los Angeles Superior Court, Juvenile Division, is a process that for reasons not known with certainty, takes months and months and months, and has in fact taken *over a year at times*; times that appear to be back. [See Ex's A & B, and Declaration of Rachel Raymond] We are at "months and months" right now in this case, and the most recent description given to attorney Rachel Raymond for Plaintiffs as to how bad things are in terms of production, was "one and a half years."

Plaintiffs also want to be very clear, that even if the Court for any reason feels disinclined to make an Order directing the ***juvenile court*** to produce the content of the court files, the Court should most certainly order the production of all of the documents described by the Cal. Rules of Court 5.552 in its files, and, the *Warrant Consultation* and *Warrant Fact* sheets specifically included in the draft of the Order that Plaintiffs are requesting, which is attached as Exhibit G to the Declaration of Robert R. Powell.

The purpose of this Motion is to move this proceeding along, because aside from hurdles that some attorneys can mount on occasion in the course of litigation (some valid, some not), there are so many things out of the control of

3

---

Notice Of Motion And Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

all concerned that suddenly it can be months and months before any of the "meat" of the case can be obtained, analyzed, and used to prosecute *or defend* the action. If anyone is to take a deposition prior to Easter, this has to happen.

As set forth herein below, it has already been six (6) months since Plaintiff's requested the juvenile case file, and over three (3) months since Defendants served Plaintiff with their request, both by W&IC 827 filed with the juvenile court. As the Court will read in the Declaration of Rachel R. Raymond, there is no basis for believing we will be seeing the records anytime soon if we simply do nothing. She was told the "backlog" is now one and a half years. She was also told there is one "research attorney" handling the requests, and he has 350 such Petitions to address.

The proposed Order Plaintiffs submitted herewith, to be filed if the Court so Orders, sets forth a very clear set of steps to gather and produce the records, defines what records to produce (though CRC 5.552 really should not need any further explication as it uses the words "all documents"), and the Plaintiff's proposed Order dictates a method that relieves any County employee from some of the handling of the documents and the documents will end up in the Adobe PDF format, ready for use in this Federal District Court. This Order proposes no expense for scanning to the County but rather the cost is shared equally between Plaintiffs and Defendants. And most importantly, the proposed Order requires

4

all of this in a timeframe of a mere thirty (30) days from the time of service of the Court's Order on the Clerk of the Court and twenty-five (25) days from the time of service on DCFS; the days referring to time from service to time made available for copying and scanning by a third party copy/scan provider, together in the Court Clerk's office.

The Order Plaintiffs ask the Court to endorse also provides a very standard protective order such as Plaintiff's counsel has used in numerous cases where juvenile case files have been obtained for use in litigation.

The issue addressed herein below is the issue of the Court's authority for making such orders, which in the experience of the undersigned, is the only question the Court has and arguably the only question that matters at this point. Generally Federal Courts like discovery to move along and cases to proceed in reasonably prompt fashion to whatever eventual outcome may be in store.

Plaintiffs' Counsel has obtained orders of this nature previously in the Central District Court, that have expedited the ability to conduct meaningful discovery for all parties concerned.

In *Monteihl v. County of Los Angeles* 10-CV-08183-SVW-JEM (Dkt. 16), the Court (Hon. Steven W. Wilson) came up with the idea on his own at a scheduling/case management conference. [Dec. Robert Powell Ex. C]  Also in *Baker v. County of Los Angeles* 2:11-cv-05550-GHK-PJW, a case in which

5

Peterson Bradford & Burkwitz also represented Defendants, Judge Patrick J. Walsh ordered records produced by DCFS. [Dec. R. Powell Ex. D][1]  The same was accomplished by Stipulation and Order with another firm representing the County, in the case of *Xoss v. County of Los Angeles* 2:12-cv-01400-PSG-RZ, which Plaintiffs' counsel was involved in during 2012-13. [*Xoss*, Dkt. 44][2]

Finally, in the matter of *Sigal*, a Motion identical in many respects to this one was filed, and the Court made an order (Dkt. 68) upon Plaintiffs motion (by the undersigned) that is virtually identical to the proposed Order attached to the Declaration of Robert Powell [ ] for this case as Exhibit G.[3]

Currently, in the effort to obtain the juvenile case file, the Plaintiffs filed their request September 21st, 2018!  Ex. E   The Defendants submitted their request (to Plaintiff's counsel at least) on November 7th, 2018.  Ex. F

The Court has authority to make the orders Plaintiffs request and should make such orders.  Delay of the magnitude discussed herein above, and below, is an anathema to justice and the determination of the truth.

---

[1] Judge Walsh in fact called supervising juvenile court Judge Michael Nash to discuss the issue and received a promise of efforts to expedite production. Ex. B
[2] Should the Court wish, Plaintiffs counsel can also refer the Court to cases in Northern District where such orders have been made by a District Court judge.
[3] One aspect that is not "*virtually identical*," is that this Order includes a requirement that DCFS turn over certain documents that are specific to juvenile cases where DCFS has obtained a warrant (Warrant Consultation and Warrant Fact Sheet), which in *Sigal*, were documents that were NOT turned over when the juvenile case file was received by Plaintiffs. [Decl. Robert Powell]

6

## II. **ARGUMENT**

### A. **This Court Has Authority To Order Disclosure**

California Welfare and Institutions Code section 827 establishes the confidentiality of juvenile case files and permits only certain individuals to inspect such files without prior leave of court. California Rule of Court 5.552 defines "juvenile case file" broadly and includes all documents filed in a juvenile court case; all documents prepared by or made available to social workers; and all material admitted into evidence at juvenile court hearings. CRC 5.552 reads,

> For the purposes of this rule, "juvenile case file" includes:
>
> (1) All documents filed in a juvenile court case;
>
> (2) Reports to the court by probation officers, social workers of child welfare services programs, and CASA volunteers;
>
> (3) Documents made available to probation officers, social workers of child welfare services programs, and CASA volunteers in preparation of reports to the court;
>
> (4) Documents relating to a child concerning whom a petition has been filed in juvenile court that are maintained in the office files of probation officers, social workers of child welfare services programs, and CASA volunteers;
>
> (5) Transcripts, records, or reports relating to matters prepared or released by the court, probation department, or child welfare services program; and
>
> (6) Documents, video or audio tapes, photographs, and exhibits admitted into evidence at juvenile court hearings.in pertinent part,

7

In federal question cases, such as this matter, privileges are determined under federal common law. Fed. R. Evid. 501. There is no privilege for juvenile records under federal law. The Ninth Circuit has held that district courts may order the disclosure of juvenile court records notwithstanding state law. *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003), overruled on other grounds in *Filarsky v. Delia*, 132 S. Ct. 1657 (2012).

In fact, federal courts regularly order the production of information deemed private under California statutes. Most notably are peace officer personnel files, which enjoy strict statutory protections, and require a motion from the requesting party and court order for production.[4] Federal courts reject this statutory process in favor of disclosure in response to a discovery request. *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995). Federal courts have reasoned that the federal policy on discovery is a liberal standard, and applying California privilege law would

---

[4] Under California law, the Peace of Office Bill of Rights (POBAR) deems peace officer personnel records confidential and subject to discovery only pursuant to the procedures set forth in the Evidence Code sections 1043 and 1045. Pen.Code, §§ 832.7, 832.8. A party seeking disclosure must file a written motion, describing the type of records or information sought and provide affidavits showing good cause for the disclosure, setting forth its materiality to the pending litigation and stating on reasonable belief that the identified agency possesses the records. Evid.Code, § 1043. The court must then make an *in camera* examination of the information produced by the agency and exclude disclosure of certain material. Evid.Code, § 1045, subd. (b).

8

severely limit civil-rights plaintiffs from gaining access to the police files in dispute. *Soto*, 162 F.R.D. at 609, fn. 2. The privacy interests at stake can be protected by a "tightly crafted" protective order that can limit who has access to the sensitive information. *Id.* at 662. The proposed Stipulation and Order submitted to this Court has such a protective order.

In 2007, in the Northern District Court of California, the Court held that Section 827 does not bind federal courts, citing *Maldonado v. Secretary of Calif. Dept of Corr. & Rehab.*, 2007 WL 4249811 (E.D. Cal. Nov. 30, 2007).[5]  In that case, the district court ordered release of documents pertaining to a minor who died while in custody of a youth correctional facility after finding that a protective order would remedy any concern about privacy rights.  *Id.* at *7. Moreover, even though this Court is not bound by California law pertaining to juvenile records, it is noteworthy that even if confidentiality of juvenile case files applies, it is not absolute under state law. *In re Keisha T.*, 44 Cal.Rptr.2d 822, 827 (1995). In fact, Section 827 contemplates that inspection by third parties is

---

[5] District courts in California have recognized the jurisdiction of a federal court to make such orders.  *In re Anthony H.*, 129 Cal. App. 4th 495, 449-451 (2005), was a case in which a district judge denied a request for disclosure of a juvenile case file on the ground that the juvenile court was vested with exclusive authority to decide whether to disclose the records.  However, that analysis was then rejected in *Horn v. Hornbeak*, 2010 WL 1027508 (E.D. Cal. March 18, 2010), on the ground that federal courts are not bound by state law, and indeed the Court making that decision cited *Gonzales*, 336 F.3d at 834-35 and *Maldonado*, 2007 WL 4249811 at *5.

9

necessary. See *Foster v. Superior Court*, 107 Cal.App.3d 218, 230 (1980) (in a criminal action so the defendant could exercise the constitutional rights of confrontation and cross examination); *Navajo Express v. Superior Court*, 186 Cal.App.3d 981, 985 (1986) (in a civil action brought by the minor).

**B.** **Plaintiffs Have Access To The Juvenile Case File But Defendants Do Not; And The Section 827 Petition Process Is Inconsistent With Federal Discovery Requirements.**

A minor and that minor's parents or guardians can inspect the juvenile case file without a court order. W&IC Section 827(a)(1)(C) and (D). In contrast, Defendants' counsel cannot inspect the records because they are not "actively participating in criminal or juvenile proceedings involving the minor." Section 827(a)(1)(E). Thus, Plaintiffs have full access to the juvenile case file at issue in this case, but, under state law, not one of the Defendants do; indeed, the retained private counsel for the Defendant's cannot so much as "hear about" the juvenile case proceedings until a release of the records and a protective order is in place. Privately retained outside counsel are not remotely described at all as a person/entity able to receive such documents in W&IC 827.

This dichotomy about access to records under Section 827 creates several unworkable discovery problems, where, as here, the minor's parents elect to bring a civil-rights action against social workers for the handling of the dependency matter on behalf of themselves and their children.

10

First, the Section 827 petition process is inconsistent with the scope of discovery under the Federal Rules, which is extremely broad. F.R.C.P. 26(b)(1); *Soto,* 162 F.R.D. at 610. Under California Rule of Court 5.552(e), the juvenile court can withhold the juvenile case file, in whole or in part, if it deems such withholding necessary to protect the privacy rights of the minor.  The underlying juvenile case is not one of beatings, starvings, physical or sexual abuse; those kinds of concerns are simply not applicable here.

In federal question cases, federal courts are required to balance privacy interests against the need for discovery to determine whether privileged documents are discoverable.  This balancing approach is pre-weighted in favor of disclosure. *Kelly*, 114 F.R.D. at 660. A juvenile court considering a petition pursuant to Section 827, however, must err on the side of nondisclosure. *Pack v. Kings County Human Services Agency*, 89 Cal.App.4th 821, 829 (2001). This is a direct conflict in the practical sense, one that hinders timely pursuit of representation in federal cases such as this case.  And, it is an impractical and unnecessary conflict, where as here, the children themselves are desirous of the records to prove their case and more than happy to let the Defendants' counsel see what their clients did to them.

Second, federal discovery rules require parties, at the outset of litigation, to complete initial disclosures providing "a copy – or description of by category

11

1   and location – of all documents . . . that disclosing party has in its possession,

2   custody, or control and may use to support it claims." F.R.C.P. 26(a)(1)((ii). This

3   is impossible here because Defendants cannot inspect their own records – nor

4   can their attorneys – without the juvenile court's permission.  And the point of

5   the request for this Court to make such an order is based on the very practical

6   issue/concern, that these State Court processes – and specifically this process in

7   the County of Los Angeles - can take inordinate amounts of time; all the while,

8   memories fade, costs accrue, and the case remains on the federal courts docket.

9        Third, the concept that the juvenile court is the arbiter of what is material

10  to the federal litigation does not square with federal law. Under Section 827 and

11  California Rule of Court 5.552, the parties must establish good cause for

12  disclosure.  This showing is incompatible with Federal Rule of Evidence 402,

13  which states that materiality should have no part in construing the Federal Rules.

14  *Soto*, 162 F.R.D. at 609.

15       Fourth, under Section 827, the burden of overcoming confidentiality is

16  placed *on the party requesting the petition*, whereas *under federal law, the*

17  *burden is on the party opposing discovery.  Miller v. Pancucci*, 141 F.R.D. 292,

18  298, 299 (C.D.Cal.1992) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429

19  (9th Cir.1975).

12

Here, Plaintiffs are unclear how to explain the position that the Defendants have taken, for the same firm represented this County in *Sigal*, and joined in the "idea" of having the Federal Court order the juvenile court and their own client to produce the juvenile case file; their entire dispute basically claimed some language created an unfair burden on them, and issues with the rapidity of the process suggested by Plaintiffs' proposed Order. (*See Sigal*, Dkt. 57 – Defendant's Order draft at Dkt. 57.3)  The latest position – even after being apprised of what Ms. Raymond had been told by the clerk and "research attorney" about 350 petition backlogs and waiting a year and a half – was that there was really no "urgency," and it was "heavy-handed" for a Federal Court to make such an order.

Plaintiffs want this case to be litigated, and litigated in a timely fashion, and it cannot reasonably be expected that the juvenile court has a vantage point to know or understand what records are relevant to a litigation asserting claims it does not decide. There is no occasion under any California state or court precedent, whereby a juvenile dependency court makes rulings or expresses opinions on whether a litigant in that court's constitutional rights of the 4th and 14th Amendment variety have been violated.[6]

---

[6] This statement does not include the conclusions of juvenile courts on occasion that indicate a parent did not get proper "notice" of a proceeding; that does occur from time to time.

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Though Plaintiffs have access to the juvenile case files and are in possession of a significant portion of them right now, they are not able to actually use these documents in litigation. They cannot disseminate the documents to any parties not specified in Section 827, nor can they attach any of the documents to its filings as evidence to support their claims.

## III.  CONCLUSION

In conclusion, this Court has the jurisdiction and authority to order disclosure of the juvenile case files. Welfare and Institutions Code § 827 does not bind federal courts. Additionally, there is good cause for this Court to order disclosure, as the 827 petition process in the Superior Court for the County of Los Angeles which might previously have been simply described as "extremely long," is now better defined as "abhorrent to justice," causing substantial delays in timely litigation of a case alleging an egregious submission of perjured testimony and half-truths in order to procure a warrant and remove two very young children, one of whom is autistic and suffered greatly as a result.

Allowing this to continue and delay the discovery in this case is incompatible with broad federal discovery rules. Although there are legitimate privacy interests at stake, these can be sufficiently protected by the Protective Order that is included in the Proposed Order submitted herewith.

14

Notice Of Motion And Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Finally, Plaintiffs want to reiterate their request that regardless of whether the Court is inclined to make an Order for the County's Superior Court to produce the documents/records in the Court file, Plaintiffs ask the Court to order DCFS to produce their records, and in the manner described in Plaintiffs' Proposed Order.  There is little doubt that they will come with redactions, and indeed "redactions" have been a problem in the past, but the method for dealing with those is also spelled out in Plaintiffs' Proposed Order, of course utilizing a Privilege Log as the first step in the process of determining the validity of any redactions.

For the reasons stated above, Plaintiffs respectfully request that the Court agree with the Proposed Order Regarding Juvenile Case Records And Protective Order attached as Exhibit G to the Declaration of Robert Powell, and sign and file same, thereby allowing the parties to proceed in a timely way with the prosecuting of this matter before the children are entering high school.

POWELL & ASSOCIATES

Date: February 24, 2019            ____/S/ Robert R. Powell_
                                   ROBERT R. POWELL, ESQ.
                                   Attorney for Plaintiffs

15

Notice Of Motion And Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS