ROBERT R. POWELL, SBN: 159747
SARAH E. MARINHO, SBN: 293690
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201 F: (408) 553-0203
E: rpowell@rrpassociates.com

RACHEL R. RAYMOND, SBN: 269832
LAW OFFICES OF RACHEL R. RAYMOND
1151 El Centro Street, Suite D
S. Pasadena, CA 91030-5756
T: (626) 269-9490 F: (626) 639-3140

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL SCANLON, et al,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>COUNTY OF LOS ANGELES, et al,<br><br>　　　　　Defendants. | Case No. 18-CV-07759-CBM-AS<br><br>PLAINTIFFS' REPLY TO OPPOSITION TO MOTION FOR PRODUCTION OF JUVENILE CASE FILES<br><br>Date: 3/26/19    Time: 9:00 AM<br>Location: 350 W. 1st St., Courtroom 8B<br>　　　　　Los Angeles, Ca.<br>　　　　　[Judge Consuelo B. Marshall] |

1

## I. INTRODUCTION

In boiling down the Defendants interesting Opposition – interesting in the sense that they are opposing trying to get documents they know well may take the proverbial "forever" if nothing is done – it appears the arguments are as follows,

- the motion is "procedurally improper"

- juvenile court should deal with this, due comity, and their "expertise"

- Plaintiffs are requesting this relief too early

- None of Plaintiffs arguments are grounds for granting the relief

- Plaintiffs counsel does not tell the truth about past experiences

- Past problems with redactions mean the process proposed is complex

It would be fair to summarize the opposition as "poppycock," but Plaintiffs will attempt to discern and respond. It certainly is not lost on Plaintiffs the curiosity of Defendants fight, but Plaintiffs submit it certainly smacks of an effort to stop, slow, retard the timely prosecution of the case. As pointed out in the initial motion, the very firm representing Defendants in this matter, represented the same entity Defendants in the *Sigal* matter, and they themselves submitted a proposed "alternate" order in response to essentially the same motion here (the difference with this motion being, of course, the experience in the *Sigal* case now forming an additional basis for concluding such a motion is necessary!).

## II. ARGUMENT

### A. Form Over Substance Arguments Carry No Weight

Though acknowledging this is not a Motion to Compel (then arguing that is still should be treated like one – Opp. 7:22-25), the Defendants do have that first point correct – it is not a Motion to Compel. In fact, it is not a "dispute" between the parties, where one party is withholding something from another, or playing seeming ball-hiding games; Defendants effort currently notwithstanding.

2

Plaintiffs' Reply To Opposition To Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No. 18-CV-07759-CBM-AS

That argument is swerved away from briefly (Opp. 7:11-25) but returns with a re-assertion of the argument the nature of the motion is unclear, but expressing Defendants' opinion it should have been sent to a magistrate so the LR 37-1 process was followed. The lack of clarity did not forestall advisement of how the issue should be handled. That would be more expensive and consume more attorney fees when this is not a "discovery dispute;" more money and time does not seem like an FRCP 1 approach. Alternatively Defendants argue Plaintiffs motion "*should have been styled*" as a discovery motion because it "ultimately seeks production of documents." [Id. 7:26-8:2]

Judge Klausner in *Sigal* did not have a problem with the "form," and as already stated, neither did Defendants, who submitted their own proposed order version. [*Sigal*, Dkt. 57-2 – "Proposed Order" [Defendant Counsel]] Judge Steven Wilson of the Central District on *Montheil v. County of L.A* did not even wait for a "form." [See Mot. 5:21-24]

It would seem Defendants are more concerned with "form" than "substance," however, FRCP 1 makes it pretty clear the Court should look at "substance" over "form" while seeking to "secure the just, speedy, and inexpensive determination of every action[.]"

In Section II A of Defendants Opposition, the Defendants argue that the motion is "unclear," saying they can't tell if it is "directed at the juvenile court." That is followed by saying it does not matter if it was or was not, they should receive notice. [Opp. 7:11-26] Defendants' pointed out the juvenile court objected in *Sigal* when this same motion was filed. Indeed they did, but as with the whole gestalt of the problem, they took their sweet time.

They were served on January 10th, 2018 by personal delivery by the associate counsel in Los Angeles (Rachel Raymond), and then it took them three

3

Plaintiffs' Reply To Opposition To Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No. 18-CV-07759-CBM-AS

weeks (January 31st) to file their "Objections." Sigal, Dkt 76 (See, Opp. 7:20-21) As this Court can see from the Order Judge Klausner then made, the Objections claimed they would "release the records in or around the week of February 5th, 2018." [*Sigal*, Dkt. 78] However, as per usual, that did not happen. The juvenile court did not produce the documents until February 28th – another full six weeks went by after a letter claiming the documents would be produced in a week.

In hindsight, the undersigned can only tell this Court that if it were had to do over again, never would the matter resolved upon an "agreement" with the juvenile court of the County of Los Angeles.

**B.    Comity And Superior Juvenile Court Acumen Arguments Fail**

Defendants attempt to frame what is being requested of this Court as (apparently) seeking a "needless decision[] of state law," and cite the case of United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966). The term "comity" is used once in that case – it is a case about "pendent jurisdiction" basically and deserves not another line of text in reply.

Obviously Plaintiffs are not asking the Court to construe state law, the state law here is quite clear. Just as obvious from the authorities cited in the Motion, Federal Courts are quite able, lawfully, to make such orders so they can process the claims of those seeking redress in timeframes relevant to actual life and the spirit of the Federal Rules of Civil Procedure.

The next of Defendants' argument in this section (II. B) are basically that juvenile courts can handle W&IC 827 Petitions. Plaintiffs know that, and do not dispute they "can." But as the Declarations submitted in support of Plaintiffs' Motion make clear – of which not a line in any of them was disputed – they have always been an entity moving in a lethargic fashion, and now they have a single clerk handling these Petitions, with over 350 pending! Plaintiffs admit they have

4

Plaintiffs' Reply To Opposition To Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No. 18-CV-07759-CBM-AS

no idea what makes up those over 350 Petitions, are they criminal cases, are they probate cases, are they some other genre of personal injury cases? Plaintiffs just tell this Court that if there is any interest in moving at the pace envisioned by most federal courts, it is not going to happen leaving the juvenile court to its own devices.

The remainder of the II B 1 section, is another set-up-a-straw-man then argue-it-down approach. Defendants say Plaintiffs' discussion of privilege,

> [S]eems to suggest that the California state courts treat juvenile case files as privileged, and that only federal court intervention—applying federal privilege law—will guarantee that the petitions are granted. Plaintiffs are mistaken.

Plaintiffs submit they cannot be "mistaken" about an argument they did not make. Defendants ensuing argument veers immediately off to an "evidentiary" privilege, another argument Plaintiffs did not make (and cite a 1988 Federal Rules Decision case to make their point?). [Opp. 9:8-10] Plaintiffs arguments were quite clear, juvenile court records are confidential under state law (they are, period), but federal courts can honor that and always presumably will.[1]

Plaintiffs admit, they actually do not understand Defendants' arguments in this section. The entire argument ends with what seems a non-sequitor to what was argued, saying, "If the needs of this litigation require documents on an expedited basis, there is no reason to needlessly entangle the federal and state courts when the state court is perfectly competent to hear Plaintiffs' request."

---

[1] Note in *Sigal*, Judge Klausner issued a Protective Order (Dkt. 68), and kept the Protective Order when the parties resolved that it should remain, along with the requirement of a "privilege log," which by the way, this Court will find no provision for in any W&IC statute or juvenile court decision about W&IC 827 production. That order, incidentally was prepared by Plaintiffs counsel herein.

5

[Opp. 10:1-3] If the point was to say a state court is "competent" to hold a hearing on a W&IC 827 Petition, Plaintiffs won't dispute that truism. Getting it done before the minor plaintiffs have minor children is the issue.

As to the comment about needing documents on an "expedited basis" the whole point of Plaintiffs argument is that things do not happen in the Los Angeles County juvenile court on an "expedited basis!" Again, it has been six (6) months since Plaintiffs filed their 827 petition! [Mot. 27-1, Ex. E] Defendants' did not dispute that fact. In fact, they did not dispute – or even mention – the experience of other counsel or deny their own experience. Interestingly they cite (discussed herein below) a Stipulation in the *Monteihl* case in Plaintiffs' moving papers, and in that very stipulation is yet *another law firm* that represents the County of Los Angeles acknowledging the experience of waiting and waiting for juvenile court documents. Again, the problem is legend.

Lastly, because Plaintiffs see little need to address the argument, "Delay alone does not override comity concerns," (Opp. 11:12 – II B 2) *because it certainly does at some point* (and Plaintiffs think six months or earlier is that point), Plaintiffs address the argument, "The motion requires an inquiry better-suited to the juvenile court." [Opp. 10:4-11 – the comity argument does merit a footnote however.[2]]

---

[2] Defendants spend a lot of time in their "comity" argument – second one in the Opposition – citing *U.S. v. Olson*, at Opp. 11:15-16, and arguing it applies. However, one rather unequivocal sentence in it tells the Court it does not; "The parties' filings present one question: whether a federal district court may relieve a nonparty of the consequences of disobeying a state court order." [Id. 2] The Court will not see Plaintiffs arguing anywhere in their motion that a state court has made an order (rather the opposite!), or that a "non-party" be relieved of the consequences of disobeying a court order that has never been made.

6

Plaintiffs' Reply To Opposition To Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No. 18-CV-07759-CBM-AS

The first prong of that argument at II B 3, is that Plaintiffs "make[] no attempt to convince the Court that the relief should be granted because Plaintiffs have met any particular legal standard." [Opp. 10:3-7]  Well, Plaintiffs have cited the overarching principles of the very first statute in the FRCP, but will spare the Court citation to language it is no doubt familiar with, again.  And then, Defendants argument simply turns silly.

The Defendants say, "ruling on Plaintiffs' motion would require access to information exclusively in the possession of the juvenile court—for example, the identity of the "other parties to the juvenile court proceedings." [Opp. 10:26-28, referring to *Horn v. Hornbreak*, an Eastern District case Plaintiffs absolutely did cite it – "This Court, however, is not bound by state law," (*4) which felt relevant to this Motion]  This argument by Defendants is borderline specious.

Plaintiffs know who the parties are, and so do Defendants.  The Defendants counsel represents the County and the individual social workers.  Plaintiffs' counsel represents the entire Scanlon family.  There are no other alleged parties.  Notice was given six months ago as noted in *Sigal* 27-2, Exhibit E, no objection has been received. [Dec. R. Powell] from anyone. The *only ones with legitimate standing to object* are the Scanlon/Plaintiffs in this case.  It is hard to conceive of who Defendants think this Court might fail to make sure Plaintiffs "notice."

If this is all starting to sound like a red herring argument, it should; it is.

The following arguments about "balancing" various interests begs the question, do the Defendants believe this Court is incapable of it?  [Opp. 10:16-22]  Plaintiffs believe this Court is capable of it, and that it is really simple when *four of the five parties to the juvenile case* (parents & County, that's it) are here asking the Court to let them get their records so they can start working on obtaining redress for their grievances, a principle constitutionally born and

7

Plaintiffs' Reply To Opposition To Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

justice driven. "Justice delayed, is justice denied." That well known legal maxim could cause some from whom justice may end up extracted to choose "delay," and that is kind of what the Defendants opposition feels like, delay.[3]

Defendants then tell the Court Plainiffs' request is "premature," saying there's no Rule 16 Conference yet, and "the issues presented by the motion can easily be addressed [there]." [Opp. 13:5-8][4] Plaintiffs are seeking to resolve issues, not "address" them in conversation. Further, no parties in any case anywhere in the Federal Courts need a scheduling conference to get moving on discovery.

Next, Defendants tell the Court, "the parties have not yet conferred on a discovery plan, as required by Rule 26." Included in the Declaration of Robert R. Powell submitted herewith is an e-mail of February 22nd, 2019 at 1:47 p.m. wherein the following was said to Defendants counsel after this very same claim was made,

---

[3] At one point in their brief Defendants just poo-poo the concept, on the strange proposition one would need "evidence" memories fade, costs accrue, and cases sit around on federal dockets *in this case*, saying, "No evidence supports the position that the memories or costs in this ***particular*** case warrant the requested relief." [Opp. 16:8-10 – **emphasis** original]  Difficult to believe such argument is made, existential truism's do not require production of evidence.

[4] It is hard to be insulted by the laughable comments about *Monteihl*, but when Defendants paint Plaintiffs' counsel's recounting of what happened in *Monteihl* as, "blatant attempts to misrepresent *Monteihl*," being insulted takes the lead. The Court absolutely came up with the idea of *executing such an order* on its own, Judge Wilson affirmed doing it within a minute of everyone taking a seat. Plaintiffs' counsel assumed there would have to be a noticed motion. But there was no "motion," there was no "stipulation." The judge made an "Order" directing a Superior Court to produce records, *at a Status Conference*! (Well, directing Plaintiffs' counsel to provide a proposed order for that purpose.) Plaintiffs counsel did not come up with that, would never have dreamed of that! The Court can decide if Counsel's "blatant attempts to misrepresent" are "fatal" to claims about the other cases, or, read the Exhibits provided from the cases.

8

Plaintiffs' Reply To Opposition To Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

> We did indeed have our initial call per Rule 16 on November 16th, 2018; it was a hosted teleconference and you agreed then to considering it done! I'm sure if you consult your records you will see you are mistaken. Simple question, do you contend we did not? That will concern me, given representations in that meeting.

No contradiction to that assertion was ever made; shows up now though. [Dec. R. Powell, Ex. A] Defendants really want to delay things at any cost it seems. Truth is they do understand the legal maxim, "Justice delayed, is justice denied," and they are banking on the latter half by formenting the former.

### C. Plaintiffs Have Provided Amble Basis For Granting The Relief

Basically, Defendants argue in this Section "C" of their brief, the following, **1)** FRCP 1 (that opens this Court's Standing Order) is informed by Rules 16 and 26 and Plaintiffs just "don't get it" how premature their request is, **2)** "privilege" has nothing to do with this issue, **3)** the analogies to POBRA cases, involving law enforcement officer records and access do not inform the Court in this matter, **4)** Plaintiffs admitting they have access to files makes the relief unnecessary, **5)** redaction makes the issues complex.[5]

**1** – Plaintiffs feel they've dealt with the "prematurity" issue enough. There is no procedural hurdle that has not been met in this matter that would interfere getting discovery started, solely, access for use in this case of the juvenile court and DCFS records.

---

[5] Defendants also argue that two specific cases cited by Plaintiffs are simply not what they seem; *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003)2 and *Maldonado v. Sec'y of Calif. Dep't of Corr. & Rehab.*, No. 2:06CV02696 MCEGGH, 2007 WL 4249811 (E.D. Cal. Nov. 30, 2007) [Opp. 15:12-14]  All Defendants do is essentially argue the two cases do not give the Federal Courts power to – as they put it – "run roughshod" over the state judiciary simply because it does not move "at the pace that Plaintiffs desire." [Id. 23-24]  The argument adds nothing to the debate, and again, is only footnote worthy. The Court is encouraged to read the *Whitman v. County of Los Angeles*, case, so it can see it is more than a bit different than this case; as in irrelevant to this case.

Plaintiffs' Reply To Opposition To Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

**2** – Apparently, the argument here is that Plaintiffs' discussion about privilege (which is really its second cousin "confidentiality" in the juvenile case file records context) is not relevant. Though ironically, the argument starts by pointing out the scope of discovery in federal court, which is to "any nonprivileged matter," which might cause some to feel that privilege is relevant to an effort to get juvenile case file records from both a Court and an agency released for use in a civil rights matter. [Opp 14:24-15:7] Here again, Plaintiffs admit to confusion as to what Defendants are arguing. The following is a particularly confusing argument,

> Plaintiffs have done nothing more than assert that the requested records may be discoverable. This is insufficient to grant the requested relief. The Court would not, for example, compel a party to answer interrogatories simply because the interrogatories sought unprivileged, relevant information: the movant would first have to prove that the opponent was dilatory. Neither Plaintiffs' discussion of privileges nor anything else in the motion accomplishes this. [Opp. 15:2-7]

The Defendants actually point out that "dilatory" would be a factor. Were it a Motion to Compel, Plaintiffs feel most court's would be dissatisfied with a party not responding to interrogatories for six (6) months. If that was the argument, Plaintiffs submit it is not a good one and favors the relief requested.

**3** – Plaintiffs simply submit that the POBRA cases are indeed quite analogous to this situation, and, there are far more of them to entertain in consideration of them as applicable to the issues in this motion. Though it is of possibly only tangential relevance, the government actors known as social workers, whose words and social work documentation will make all but possibly 5%-10% of all the documents produced from the Court or DCFS, police officers and social workers were said to be identical in the context of wiping out absolute

Plaintiffs' Reply To Opposition To Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No. 18-CV-07759-CBM-AS

immunity for social workers and granting them only qualified immunity. *Beltran v. County of Santa Clara*, 514 F.3d 906, 909 (9th Cir. 2008) *en banc, per curiam*

**4** – Defendants know fully well that "access" to records does not give one "rights of use" of records.  This argument is actually quite reprehensible in its half-truth presentation.  There is no doubt Plaintiffs can (in theory) have access and the right to copy their files in both the Courthouse and the DCFS offices, but there is no legitimate claim anyone can make that they can use those documents in other litigation without a Court order.  They are rather useless until one can use them in Discovery.

**5** -  The Defendants Opposition ends on a most curious note.  They apparently contend that they can manipulate Adobe Acrobat documents they received off of the ECF system and unveil the children's names.  Plaintiffs do not know if they can, do not know if they cannot.  Plaintiffs do not care.  Once parties have put the parent's full names in publicly accessible documents, many reasonable people are of the mind there is a level of silly to requiring their minor children's initials-only be used.  It is a rule of this Court, and it is followed, but many who have had their lives ripped apart by the "protection" of Los Angeles County's DCFS, gladly put their names in the public spotlight to shed light on the underbelly of an at-best misfeasant entity.

To be perfectly clear, there is no concern for confidentiality of these records in this case by the only persons who – again – have any legitimate claim to their confidentiality; the Plaintiffs.  This is not a case of sexual abuse, or physical abuse, or even neglect.  This is a case of two intelligent parents searching out natural medications to help their autistic child and government actors with the willingness to lie under oath, deciding they did not agree with the

11

Plaintiffs' Reply To Opposition To Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS

parents, or worse yet, the parents did not cow-tow to them (a so typical context of these child removals, referred to by those familiar with this system as committing "contempt of social worker").

In any event, since Defendants would be redacting the documents, maybe they can do a better job than Plaintiffs.  Either way, now over 6 months of waiting, neither party can use any of the documents, and that does not bode well for getting out of this Court's courtroom anytime soon.

## III.  CONCLUSION

This Court has the authority to order the release of both the Superior Court's juvenile file records, and the Dept. of Children & Family Services juvenile case files – and not to be forgotten, all warrant related documentation. It should.  There is teeth to the maxim about delayed justice, and right now, it seems Defendants are banking on it.

DCFS and their social workers have been caught altering and destroying records in the past, in addition to simply lying in the ones that they do create. The sooner Plaintiffs can move forward with this case, the sooner they can begin to peel back the layers of the onion.  DCFS, presumably eager to defend their good name, and the individual Defendant's pure and altruistic motives, should be joining right in to get these records; makes one wonder why they are not.

Plaintiffs renew their request the Court agree with and execute the Proposed Order previously provided by Plaintiffs with the Motion.

POWELL & ASSOCIATES

Date: March 12, 2019

\_\_\_/S/ Robert R. Powell\_
ROBERT R. POWELL, ESQ.
Attorney for Plaintiffs

Plaintiffs' Reply To Opposition To Motion For
Production Of Juvenile Case Files
Scanlon, et al., v. County of Los Angeles, et al.
Case No.  18-CV-07759-CBM-AS