Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbllp.com
Ryan A. Graham, Esq., Bar No.: 310186
rgraham@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
Tel .............. 818.562.5800
Fax.............. 818.562.5810

*Attorneys for Defendants,*
COUNTY OF LOS ANGELES, *et al.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL SCANLON, *et al.*,<br><br>Plaintiffs<br><br>v.<br><br>COUNTY OF LOS ANGELES, *et al.*,<br><br>Defendants. | Case No. 2:18-CV-7759-CBM-AS<br>Hon. Consuelo B. Marshall<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS (RULE 12(C))**<br><br>Hrg. Date .................August 18, 2020<br>Hrg. Time ................10:00 a.m.<br>Hrg. Location ..........8B<br><br>Complaint Filed: September 9, 2018<br>FAC Filed: March 5, 2019<br>Trial Date: November 10, 2020 |

NOTICE IS HEREBY GIVEN that on August 11, 2020, at 10:00 a.m., before the Honorable Consuelo B. Marshall at the First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Courtroom 8B, Defendants County of Los Angeles, Marisol Gonzalez, Marisha Harris, Angela Hashizume, and Lourdes Olarte ("Defendants") will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 12(c), for an order granting judgment on the pleadings in favor of Defendants as to the first claim for relief (in total), the fourth claim for relief (in total), and the fifth claim for relief (partially). The motion is made on the following grounds:

///

///

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1. As to the first claim for relief, asserting First, Fourth, and Fourteenth Amendment violations under 42 U.S.C. § 1983 in connection with the interview of Pl. G.X. at school, during the course of a child welfare investigation,

   a. Def. Olarte and Def. Gonzalez are entitled to qualified immunity against the First Amendment, Fourth Amendment, and Fourteenth Amendment allegations against them,

   b. Additionally, Def. Olarte and Def. Gonzalez are not liable under the Fourteenth Amendment because the interview did not result in any actual loss of custody,

   c. To the extent the Court chooses to apply a Fourteenth Amendment legal standard to the First Amendment claims, judgment on the pleadings in favor of Defendants on the First Amendment claim is warranted because no actual loss of custody is alleged to have resulted from the interview;

2. As to the fourth claim for relief, asserting Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983 in connection with an un-alleged medical examination, the claim is subject to judgment on the pleadings for being inadvertently re-alleged after the parties agreed to dismissal;

3. As to the fifth claim for relief, alleging that Defendant County violated 42 U.S.C. § 1983 by maintaining policies/customs/practices that were the moving force behind Plaintiffs' constitutional injuries, the First and Fourteenth Amendment components of this claim fail because the underlying claims against the individual defendants are not well-pleaded.

///
///
///
///

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Ryan A. Graham regarding the meet-and-confer process, the pleadings and papers on file herein, and upon such other evidence or argument as may be presented to the Court at the time of the hearing. Counsel for Defendants had a telephonic discussion as well as exchanged correspondence regarding the basis of this motion, but no agreement was reached. Plaintiffs' counsel noted, during the meet and confer process, that the two cases on which this motion principally relies (*Capp*, *Dees*) continue to be the subject of judicial review in the Ninth Circuit by way of en banc rehearing. As set forth in the Graham Declaration, the Ninth Circuit refused rehearing in *Capp* and no request has been filed in *Dees* (although the parties may do so until July 27, 2020).

Date: July 17, 2020

**PETERSON • BRADFORD • BURKWITZ**

By: */s/ Ryan A. Graham, Esq.*

Avi Burkwitz, Esq.
Ryan A. Graham, Esq.,
*Attorneys for Defendants*
COUNTY of L.A., HARRIS, OLARTE, GONZALEZ, and HASHIZUME

## TABLE OF CONTENTS

**I.**   **INTRODUCTION** ........................................................................**10**

**II.**   **STATEMENT OF FACTS** ...........................................................**11**

**III.**   **LEGAL STANDARD**...................................................................**11**

**IV.**   **ARGUMENT** ...............................................................................**12**

A.   The first claim for relief fails to state a claim upon which relief can be granted.................................................................................... 12

     *1.*   *As to the Fourth Amendment, Defs. Olarte and Gonzalez are immune from liability for interviewing Pl. G.X. at school because the law does not clearly establish that such conduct is unlawful.*............................................. *13*

     *2.*   *As to the Fourteenth Amendment's protections for family relations, Capp and Dees confirm that Defs. Olarte and Gonzalez did not violate Plaintiffs' familial association rights and, alternatively, they are immune.*....................... *15*

     *3.*   *As to the First Amendment, qualified immunity shields Defs. Olarte and Gonzalez from liability because the law of such a claim is not clearly established or, alternatively, because it is derivative of the failed Fourteenth Amendment claim.* ...............................................................*20*

B.   Plaintiffs cannot state a *Monell* claim based on the in-school interview under the First or Fourteenth Amendments. ...........................................28

C.   The Court should adjudicate the medical examination claim (fourth claim) for purposes of housekeeping. ....................................................29

**V.**   **CONCLUSION** ............................................................................**29**

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# TABLE OF AUTHORITIES

## Federal Cases (Supreme Court)

*Albright v. Oliver*,
  510 U.S. 266 (1994) ............................................................................... 26

*Ashcroft v. al-Kidd*,
  563 U.S. 731 (2011) ............................................................................... 21

*Bd. of Directors of Rotary Int'l v. Rotary Club of Duarte*,
  481 U.S. 537 (1987) ............................................................................... 21

*Camreta v. Greene*,
  563 U.S. 692 (2011) ............................................................................... 10

*City of Escondido, Cal. v. Emmons*,
  —U.S.—, 139 S. Ct. 500, 202 L. Ed. 2d 455 (2019) ............................ 20

*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986) (per curiam) .................................................... 28, 29

*Kisela v. Hughes*,
  —U.S.—, 138 S. Ct. 1148, 200 L. Ed. 2d 449 (2018) (per curiam) ...... 13

*Mullenix v. Luna*,
  —U.S.—, 136 S. Ct. 305, 193 L. Ed. 2d 255 (2015) ............................. 24

*Roberts v. U.S. Jaycees*,
  468 U.S. 609 (1984) ............................................................................... 21

## Federal Cases (Appellate)

*Barber v. Miller*,
  809 F.3d 840 (6th Cir. 2015) ................................................................. 18

*Bautista v. Los Angeles Cty.*,
  216 F.3d 837 (9th Cir. 2000) ................................................................. 12

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ............................................................... 12

*Capp v. Cty. of San Diego*,
  940 F.3d 1046 (9th Cir. 2019) ......................................... 10, 14, 15, 18

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No. 2:18-CV-7759-CBM-AS

*Chavez v. U.S.*,
   683 F.3d 1102 (9th Cir. 2012) ............................................................ 12

*Cmty. House, Inc. v. City of Boise, Idaho*,
   623 F.3d 945 (9th Cir. 2010) .................................................. 15, 17, 21

*Dees v. Cty. of San Diego*,
   960 F.3d 1145 (9th Cir. 2020) ......................................................passim

*Doe v. Cappiello*,
   758 F. App'x 181 (2d Cir. 2019) ....................................................... 27

*Dougherty v. City of Covina*,
   654 F.3d 892 (9th Cir. 2011) ............................................................ 19

*Erotic Serv. Provider Legal Educ. & Research Project v. Gascon*,
   880 F.3d 450 (9th Cir.) (emph. added), *amended*, 881 F.3d 792 (9th Cir. 2018) ..22

*Greene v. Camreta*,
   588 F.3d 1011 (9th Cir. 2009), *vacated in part*, 563 U.S. 692 (2011), *and vacated in part*, 661 F.3d 1201 (9th Cir. 2011) ........................................... 10, 18

*Griffin v. Strong*,
   983 F.2d 1544 (10th Cir. 1993) ........................................................ 27

*Keates v. Koile*,
   883 F.3d 1228 (9th Cir. 2018) .......................................................... 23

*Kelson v. City of Springfield*,
   767 F.2d 651 (9th Cir. 1985), *implicitly overruled on unrelated grounds as noted in Smith v. City of Fontana*, 818 F.2d 1411, 1418 n.1 (9th Cir. 1987)................. 23

*Kolley v. Adult Protective Servs.*,
   725 F.3d 581 (6th Cir. 2013) ............................................................ 27

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ............................................................ 23

*Mann v. City of Sacramento*,
   748 F. App'x 112 (9th Cir. 2018) [unpublished]............................ 22, 25

*Mann v. County of San Diego*,
   907 F.3d 1154 (9th Cir. 2018) .......................................................... 18

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

6

*McDade v. West*,
223 F.3d 1135 (9th Cir. 2000) ......................................................... 13, 20

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ................................................................ 12

*Montgomery v. Stefaniak*,
410 F.3d 933 (7th Cir. 2005) ......................................................... 22, 27

*Newell v. Sauser*,
79 F.3d 115 (9th Cir. 1996) .................................................................. 13

*Nunez v. City of Los Angeles*,
147 F.3d 867 (9th Cir. 1998) ................................................................ 16

*Original Ballet Russe v. Ballet Theatre*,
133 F.2d 187 (2d Cir. 1943) ................................................................. 12

*Osolinski v. Kane*,
92 F.3d 934 (9th Cir. 1996) .................................................................. 18

*Palmerin v. City of Riverside*,
794 F.2d 1409 (9th Cir. 1986) .............................................................. 28

*Romero v. Kitsap Cty.*,
931 F.2d 624 (9th Cir. 1991) ................................................................ 13

*Schulkers v. Kammer*,
955 F.3d 520 (6th Cir. 2020) ......................................................... 15, 19

*Smith v. City of Fontana*,
818 F.2d 1411 (9th Cir. 1987), *overruled on unrelated grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) ............................... 16

*Sweaney v. Ada Cty., Idaho*,
119 F.3d 1385 (9th Cir. 1997) .............................................................. 13

*Vazquez v. Cty. of Kern*,
949 F.3d 1153 (9th Cir. 2020) .............................................................. 24

*Wilkinson v. Torres*,
610 F.3d 546 (9th Cir. 2010) ................................................................ 16

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

7

PETERSON • BRADFORD • BURKIWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## Federal Cases (District Court)

*A.M. ex rel. Youngers v. New Mexico Dep't of Health*,
   117 F. Supp. 3d 1220 (D.N.M. 2015) ...................................................................22

*Alberici v. Cty. of Los Angeles*,
   No. 12-CV-10511, 2013 WL 5573045 (C.D. Cal. Oct. 9, 2013) ...........................26

*Allen v. City of Moline*,
   No. 17-CV-4066, 2017 WL 5617060 (C.D. Ill. Nov. 21, 2017) ............................27

*Bock v. City of Los Angeles*,
   No. 18-CV-6485, 2019 WL 1601382 (C.D. Cal. Feb. 8, 2019), *appeal dismissed*,
   No. 19-55872, 2019 WL 7757836 (9th Cir. Oct. 31, 2019) ..................................26

*Castillo v. Cty. of Los Angeles*,
   No. 14-CV-7702, 2015 WL 13639579 (C.D. Cal. Apr. 17, 2015).................25, 26

*Creighton v. City of Livingston*,
   628 F. Supp. 2d 1199 (E.D. Cal. 2009) ................................................................11

*Dees v. Cty. of San Diego*,
   302 F. Supp. 3d 1168 (S.D. Cal. 2017), *aff'd in part, rev'd in part and remanded*,
   960 F.3d 1145 (9th Cir. 2020) ..............................................................................19

*Dees v. Cty. of San Diego*,
   No. 14-CV-189, 2016 WL 9488706 (S.D. Cal. May 13, 2016) ............................19

*Estate of Osuna v. Cty. of Stanislaus*,
   392 F. Supp. 3d 1162 (E.D. Cal. 2019) ...............................................................26

*Fakoya v. Cty. of Clark*, No. 12-CV-02149, 2014 WL 5020592 (D. Nev. Oct. 8,
   2014) .....................................................................................................................26

*JL v. New Mexico Dep't of Health*,
   165 F. Supp. 3d 996 (D.N.M. 2015).....................................................................27

*Kaur v. City of Lodi*,
   263 F. Supp. 3d 947 (E.D. Cal. 2017) ............................................................24, 26

*Lucas v. Cty. of Fresno*,
   No. 18-CV-1488, 2019 WL 7370418 (E.D. Cal. Dec. 31, 2019)..........................27

*Madrigal v. Hint, Inc.*,
   No. 17-CV-02095, 2017 WL 6940534 (C.D. Cal. Dec. 14, 2017) .......................12

*Madrigal v. United States*,
   No. 15-CV-00261, 2015 WL 5190683 (C.D. Cal. Sept. 3, 2015) .......................... 12

*Martinez v. City of W. Sacramento*,
   No. 16-CV-2566, 2019 WL 448282 (E.D. Cal. Feb. 5, 2019) .............................. 24

*Nguyen v. Kaiser Found. Health Plan, Inc.*,
   No. 17-CV-1700905, 2018 WL 6131949 (C.D. Cal. July 27, 2018), *report and recommendation adopted*, 2018 WL 6131600 (C.D. Cal. Sept. 14, 2018) ...... 24, 26

*Reyes ex rel. Reyes v. City of Fresno*,
   No. 13-CV-418, 2013 WL 2147023 (E.D. Cal. May 15, 2013) ............................ 25

*Rojas v. Dominick*,
   No. 08-CV-5913, 2011 WL 2292315 (N.D. Ill. June 8, 2011) ............................ 27

*Schwartz v. Lassen Cty. ex rel. Lassen Cty. Jail*,
   No. 10-CV-3048, 2013 WL 5375588 (E.D. Cal. Sept. 24, 2013) ........................ 25

*Shaymus v. Tulare Cty.*,
   No. 14-CV-01633, 2015 WL 3466942 (E.D. Cal. June 1, 2015) ......................... 22

*Slusher v. City of Napa*,
   No. 15-CV-2394, 2015 WL 8527411 (N.D. Cal. Dec. 11, 2015) ........................ 24

*Valdez v. City of Phoenix*,
   No. 18-CV-921, 2019 WL 5390508 (D. Ariz. Oct. 22, 2019) ............................. 24

*Welch v. Texas Dep't of Family & Protective Servs.*,
   No. H-17-1091, 2018 WL 8805956 (S.D. Tex. Sept. 20, 2018) .......................... 27

*Wesley v. S. Bend Cmty. Sch. Corp.*,
   No. 19-CV-32, 2019 WL 5579159 (N.D. Ind. Oct. 29, 2019), *appeal dismissed sub nom. Wesley v. Johnson*, No. 19-3337, 2020 WL 2702507 (7th Cir. Feb. 6, 2020) ................................................................................................................ 27

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) ..................................................... 12

Federal Rule of Civil Procedure 12(c) ........................................................ 11

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

9

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3       Among the allegations in the FAC, Defendants Lourdes Olarte and Marisol

4 Gonzalez (social workers) stand accused of violating the First, Fourth, and Fourteenth

5 Amendments by causing Plaintiff G.X, a minor, to be interviewed at school during the

6 course of a child welfare investigation. When this action was first filed, the state of the

7 law concerning in-school interviews of minors by child welfare agencies was no model

8 of clarity. As to the Fourth Amendment, the Ninth Circuit held in *Greene v. Camreta*,

9 588 F.3d 1011 (9th Cir. 2009) that such interviews could be unlawful seizures but that

10 qualified immunity shielded the defendant social workers because the law was not

11 clearly established—and *Greene* specifically acknowledged that the Fourteenth

12 Amendment's protection for familial relations was not at issue at all. *Id.* at 1022 n.6.

13 Subsequently, the Supreme Court vacated *Greene*'s Fourth Amendment holding as

14 moot, emphasizing that "the point of vacatur" is to ensure unreviewable decisions have

15 no legal consequences and that vacatur "rightly" strips the lower decision of its binding

16 effect. *Camreta v. Greene*, 563 U.S. 692, 712–13 (2011). District courts subsequently

17 grappled with the legacy of *Greene* and the significance of the vacatur.

18       Recently, however, the Ninth Circuit has provided clarity on these issues and

19 the clarity it provides dooms several of the claims. In *Capp v. Cty. of San Diego*, the

20 Ninth Circuit found that the law of in-school seizures *continues* to be unsettled, such

21 that qualified immunity bars Fourth Amendment claims based on in-school interviews

22 of children by child welfare workers. 940 F.3d 1046, 1060 (9th Cir. 2019). Filling in

23 the Fourteenth Amendment gap left by *Greene*, *Capp* also noted that a familial

24 association claim cannot be stated where no actual loss of custody occurs. *Id.* at 1060.

25 These principles were restated and applied to a *Monell* claim in *Dees v. Cty. of San*

26 *Diego*, 960 F.3d 1145 (9th Cir. 2020). Given these legal developments, Defendants

27 seek judgment on the pleadings against Plaintiffs' claims related to the in-school

28 interview.

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No. 2:18-CV-7759-CBM-AS

## II.   <u>STATEMENT OF FACTS</u>

Defendants Lourdes Olarte, Marisha Harris, Marisol Gonzalez, and Angela Hashizume are social workers employed with the County of Los Angeles' Department of Children and Family Services (DCFS). FAC ¶¶ 35–39. Plaintiffs Rachel Scanlon and Steven Sawyer are the biological parents of Plaintiffs K.X. (born in May 2008) and G.X. (born in March 2012), whom they raise together as a single family unit. FAC ¶¶ 4–6, 11. Pl. K.X. was born with autism and receives special instruction in school, for which she is treated with cannabis oil. FAC ¶¶ 43, 49.

Plaintiffs allege Def. Olarte, an emergency response social worker who investigates claims of abuse and neglect, went to Pl. G.X.'s school to speak with her privately and to teachers and staff. FAC ¶ 71. Following a September 27, 2017 meeting at a DCFS office between Def. Olarte, a colleague, a supervisor, and the parents, Defs. Olarte and Gonzalez obtained a warrant authorizing removal of Pl. K.X. and Pl. G.X. FAC ¶ 126. The warrant application's statement of cause was signed by Def. Olarte, who made a series of representations of fact that Plaintiffs contend are false, consist of half-truths, or omit information. FAC ¶¶126–132. The children were removed from their schools on September 28, 2017 and placed in separate foster homes. FAC ¶¶ 133, 143. The children were reunited with their parents at the first juvenile court hearing on October 2, 2017. FAC ¶ 160. The juvenile case was dismissed on December 7, 2017. FAC ¶¶ 165–168.

At issue for this motion is the school interview.

## III.   <u>LEGAL STANDARD</u>

Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion for judgment on the pleadings challenges the legal sufficiency of the opposing party's pleadings. *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1207 (E.D. Cal. 2009). Where a Rule 12(c) motion raises a defense of failure to state a claim, "the motion for judgment on the pleadings faces the same test as a motion under Rule

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

11

12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *accord Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012); *accord Madrigal v. United States*, No. 15-CV-00261, 2015 WL 5190683, at *1 (C.D. Cal. Sept. 3, 2015). Under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle a plaintiff to a legal remedy. *Chavez*, 683 F.3d at 1108. The same two-prong approach set forth by the Supreme Court in *Ashcroft v. Iqbal* applies in Rule 12(c) proceedings: *i.e.*, "a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Chavez*, 683 F.3d at 1108; *accord Cafasso Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *see also accord Madrigal v. Hint, Inc.*, 845 F.2d at 810.

## IV.   **ARGUMENT**

### A.   **The first claim for relief fails to state a claim upon which relief can be granted.**

The first claim for relief asserts (1) a Fourth Amendment unlawful seizure claim by Pl. G.X. against Defs. Olarte and Gonzalez and (2) a Fourteenth Amendment familial association claim by Pls. Scanlon, Sawyer, and G.X. against Defs. Olarte and Gonzalez. FAC ¶ 172. Plaintiffs also mention the First Amendment in passing, alleging Defs. Olarte and Gonzalez violated Plaintiffs' "rights to be free from unjustified, unreasonable, and unlawful interference in their relationship." FAC ¶ 174. While these three amendments are combined into what is nominally a single claim for relief, these are truly separate claims. For purposes of pleading, "[a] claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *See Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943)). Each amendment gives rise to separately-enforceable rights—for example, Pl. G.X' right to be free from unreasonable seizures is a separate right from that of familial association. Each claim is discussed separately below and, as explained further, each claim barred by qualified immunity. The Fourteenth Amendment allegations also fail to state claims against Def. Olarte and Def. Gonzalez on the merits.

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

"The test for qualified immunity is: (1) identification of the specific right being violated; (2) determination of whether the right was so clearly established as to alert a reasonable officer to its constitutional parameters; and (3) a determination of whether a reasonable officer would have believed that the policy or decision in question was lawful." *McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000); *accord  Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1388 (9th Cir. 1997); *Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir. 1996); *Romero v. Kitsap Cty.*, 931 F.2d 624, 627 (9th Cir. 1991). Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, and is judged against the backdrop of the law at the time of the conduct. *Kisela v. Hughes*, —U.S.—, 138 S. Ct. 1148, 1152 (2018) (per curiam).

### 1. As to the Fourth Amendment, Defs. Olarte and Gonzalez are immune from liability for interviewing Pl. G.X. at school because the law does not clearly establish that such conduct is unlawful.

Plaintiffs allege that Def. Olarte and Def. Gonzalez seized Pl. G.X. in violation of the Fourth Amendment's prohibition against unreasonable seizures. FAC ¶ 172. In support, Plaintiffs identify the act of Def. Olarte "going to G.X.'s school and pulling her out of class to conduct an investigative interview without the advance notice and/or consent of either parent" and the act of Def. Gonzalez encouraging, directing, and/or ratifying Def. Olarte's conduct. FAC ¶ 172. Previously, Defendants unsuccessfully sought dismissal of these allegations on the grounds that the supporting allegations were speculative and that the facts did not suggest Pl. G.X. believed she was not free to leave. ECF No. 26, at 4:1–5:2. Since then, however, *Capp* makes clear that Def. Olarte and Def. Gonzalez are immune from this claim.

Here, the right allegedly infringed is the Fourth Amendment right to be free from warrantless investigative interviews by social workers during child abuse investigations. Defendants seek qualified immunity on the basis of the second and third *McDade* criteria—that the law does not clearly establish that a social worker

interviewing a child in a school violates the Fourth Amendment and that a reasonable social worker would not believe such conduct violates the Fourth Amendment—as *Capp* illustrates.

In *Capp*, the plaintiffs ("Jonathan Capp and his children, N.C. and J.C.") brought § 1983 claims against the County of San Diego, its child welfare agency, and three social workers employed by such agency (Jackson, Prokesch, and Firth). 940 F.3d at 1050. The action "stem[med] from a child welfare investigation undertaken by Defendants that allegedly violated Plaintiffs' First, Fourth, and Fourteenth Amendment rights." *Id.* A social worker (Firth) had interviewed the minor plaintiffs at their elementary school without parental consent. *Id.* at 1051. The *Capp* plaintiffs "assert[ed] that Defendants violated their Fourth and Fourteenth Amendment rights based on the interviews of N.C. and J.C. while they were at school." 940 F.3d at 1059. Critically, there is no material distinction between the facts of this case and the facts of *Capp*. Both interviews were conducted (1) in a school, (2) by social workers, (3) in the course of a child welfare investigation, (4) allegedly without parental consent, and (5) allegedly in violation of the First, Fourth, and Fourteenth Amendments.

In discussing the claims, the Ninth Circuit in *Capp* found that, "[e]ven if Plaintiffs had pleaded a plausible Fourth Amendment claim, Defendants would be entitled to qualified immunity because the right of minor children to be free from unconstitutional seizures and interrogations by social workers has not been clearly established." *Capp*, 940 F.3d at 1059. The Ninth Circuit discussed *Greene*, explaining why it was not precedential as to the unlawfulness of the in-school interview.

> Plaintiffs rely on *Greene v. Camreta*, in which we held that social workers' seizure and interrogation of a child, absent a warrant, a court order, exigent circumstances, or parental consent, was unconstitutional. [Citation]. The Supreme Court, however, vacated this portion of *Greene*, and in so doing expressly acknowledged that "[t]he point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by what we have called a 'preliminary' adjudication."

*Capp*, 940 F.3d at 1059–60. The Ninth Circuit acknowledged that *Greene* found qualified immunity applied to an in-school seizure and noted that the Supreme Court

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

left the dismissal based on such immunity "untouched." *Id.* at 1060. Based on this, *Capp* held that "[w]e are thus bound by *Greene* to conclude that the Fourth Amendment right Plaintiffs seek to vindicate was not clearly established." *Id.*

"To determine whether a right was clearly established, a court turns to Supreme Court and Ninth Circuit law existing at the time of the alleged act." *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 967 (9th Cir. 2010). The Supreme Court, for its sake, has never held that a social worker's warrantless in-school interview of a child pursuant to a child abuse investigation violates the Fourth Amendment and has not revisited the issue since *Greene*. *See Schulkers v. Kammer*, 955 F.3d 520, 534 (6th Cir. 2020). Since *Capp*, no Ninth Circuit case has declared the law of in-school interviews by child welfare workers to be clearly established such that the interviews violate the Fourth Amendment over a qualified immunity defense. Defendants respectfully submit that the Court is bound by the same principles discussed in *Capp*, and that Def. Olarte and Gonzalez are entitled to qualified immunity against the Fourth Amendment claims against them because the right asserted here continues to be *not* clearly established. Without such clarity, no reasonable social worker would believe that interviewing a minor in a school violates the Fourth Amendment.

**2.    *As to the Fourteenth Amendment's protections for family relations,* Capp *and* Dees *confirm that Defs. Olarte and Gonzalez did not violate Plaintiffs' familial association rights and, alternatively, they are immune.***

Plaintiffs allege that Def. Olarte and Def. Gonzalez violated the "14th Amendment rights of familial association" of Pls. Scanlon, Sawyer, and G.X. FAC ¶ 172. The factual bases for the Fourteenth Amendment claim are identical to those of the Fourth Amendment claim: *i.e.*, Def. Olarte's act of interviewing G.X. without consent and Def. Gonzalez' act of encouraging, directing, and/or ratifying Def. Olarte's conduct. FAC ¶ 172. This claim fails (a) because the interview did not result in any loss of custody and, alternatively, (b) because Def. Olarte and Def. Gonzalez

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1   are entitled to qualified immunity.

2       (a.) To establish a substantive due process claim, "a plaintiff must, as a threshold

3   matter, show a government deprivation of life, liberty, or property." *Nunez v. City of*

4   *Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). The Ninth Circuit does recognize that

5   parents have a Fourteenth Amendment liberty interest in the companionship and

6   society of their children, *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010), and

7   that children hold an identical liberty interest in the companionship and society of their

8   parents, *Smith v. City of Fontana*, 818 F.2d 1411, 1419 (9th Cir. 1987), *overruled on*

9   *unrelated grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999).

10  And, as *Capp* acknowledges, conscience-shocking conduct that deprives parents of a

11  relationship with their children is cognizable as an injury to these familial association

12  rights under the Fourteenth Amendment. *Capp*, 940 F.3d at 1060 (citing *Wilkinson*,

13  610 F.3d at 554).

14      But these interests are not at stake in this action. *Capp* held that such rights are

15  not implicated where "Plaintiffs do not allege that Capp actually lost custody of his

16  children as a result of Defendants' alleged misconduct." *Id.* at 1060. The Ninth Circuit

17  conceded that "Capp might have been subjected to an investigation by the Agency, but

18  that alone is not cognizable as a violation of the liberty interest in familial relations."

19  *Id.* at 1060. *Dees* makes the point even more clear: "*Capp* plainly holds that a cause

20  of action does not lie where the social worker is accused of seizing a child and the

21  parent has not 'actually lost' control over the child." *Dees*, 960 F.3d at 1153.

22      Here, the FAC does not allege that Pls. Sawyer and Scanlon lost custody of Pls.

23  K.X. and G.X. as a result of the interview. *See* FAC ¶¶ 172–176. To be clear, Plaintiffs

24  *have* alleged a loss of custody—but only in connection with a separate set of conduct

25  that is subject of the second claim for relief, notably captioned as "removal by

26  fraudulent warrant." FAC, at 34:8. The first claim for relief concerns the "investigative

27  interview," FAC ¶ 172, while the second claim for relief challenges a series of false

28  statements, omissions, and misleading statements made in the statement of cause

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

16

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

(SOC), filed with the application to remove the children. FAC ¶¶ 130–132 (SOC), 177. It alleges that the conduct of Defs. Olarte, Harris, and Gonzalez of "participating in the filing of the [warrant application] which contained the numerous false and misrepresented statements of fact and omitted exculpatory information described hereinabove, *led to the violation of the 14th Amendment rights of familial association of all Plaintiffs*, and the violation of the 4th Amendment rights of the minor plaintiffs K.X. and G.X., in that the children were removed from the care, custody and control of their parents." FAC ¶ 177 (emph. added). It also alleges Def. Hashizume is responsible for the loss in custody by filing a dependency petition. FAC ¶ 179. But nowhere in the FAC—the first claim, second claim, or elsewhere—do Plaintiffs allege that the investigative interview of Pl. G.X. resulted in a loss in custody.

Consequently, the first claim for relief's Fourteenth Amendment allegations do not state plausible claims for relief, as a necessary element is lacking: *i.e.*, that the interview resulted in a loss of custody. Judgment on the pleadings is warranted for this reason alone.

(b.) Alternatively, if the Court decides that a necessary element of Plaintiffs' prima facie case is not missing from the FAC, the Fourteenth Amendment claims are nevertheless subject to judgment on the pleadings because Defs. Olarte and Gonzalez are entitled to qualified immunity as the law of such a claim is not clearly established— as determined by the Supreme Court and Ninth Circuit law existing at the time of the alleged act, *Cmty. House, Inc.*, 623 F.3d at 967.

Only in *Capp*, decided in 2019, did the Ninth Circuit offer the guidance that a Fourteenth Amendment familial association claim based on an interview requires a loss in custody. *See generally*, 940 F.3d 1046. The Ninth Circuit has explained that this requirement in *Capp* "built on" *Mann v. County of San Diego*, 907 F.3d 1154 (9th Cir. 2018) and the loss-in-custody requirement is a product of "[r]eading *Capp* and *Mann* together." *Dees*, 960 F.3d at 1152 (discussing *Capp* and *Mann*). *Mann* was decided in 2018. *See generally*, 907 F.3d 1154.

17

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Here, the relevant school interview occurred in 2017. FAC ¶¶ 46 (date of home visit), 71 (alleging interview occurred on the "same day" as visit). Consequently, Def. Olarte and Def. Gonzalez could not possibly have known the contours of the Fourteenth Amendment rights established by *Capp* or *Dees*. Not even the supporting authority for this line of cases—*Mann*—had been decided in 2017. At that time, only *Greene* (decided in 2009) had been decided. *See generally*, 588 F.3d 1011. But *Greene* did not even purport to establish the limits of liability for in-school interviews under the Fourteenth Amendment. *Greene*, 588 F.3d at 1022 n.6. Consequently, no binding precedent established the contours of the Fourteenth Amendment right pressed by Plaintiffs here as of 2017. Qualified immunity involves determining whether "in light of clearly established principles governing the conduct in question, the official objectively could have believed that his conduct was lawful." *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996). Given *Greene*'s silence on the issue, a social worker could not possibly believe anything else—that an in-school interview was lawful vis-à-vis the Fourteenth Amendment in 2017.

This conclusion is supported by the law of other circuits. *Osolinski*, 92 F.3d at 936 ("Absent binding precedent, we look to all available decisional law, including the law of other circuits and district courts, to determine whether the right was clearly established."). The Sixth Circuit's law in this area is useful because, unlike the Ninth Circuit, it *has* clarified its law to provide a Fourth Amendment claim for in-school interviews by social workers. In *Barber v. Miller*, the Sixth Circuit held that Fourth and Fourteenth Amendment claims against social worker for a 2011 interview of a minor at a public elementary school was barred by qualified immunity because the law under both amendments not clearly established. 809 F.3d 840, 842, 845–847 (6th Cir. 2015). Five years later, the Sixth Circuit clarified itself, holding that the Fourth Amendment *does* control the law of in-school interviews (although it nevertheless found qualified immunity still applied). *Schulkers v. Kammer*, 955 F.3d 520, 535–36 (not clearly established) 528 (clarifying law for future cases) (6th Cir. 2020).

Consequently, even in circuits with more expansive Fourth Amendment protections for in-school interviews, the *Fourteenth* Amendment protections for in-school interviews remain unestablished.

The applicability of qualified immunity is also supported by *Dees*, which makes clear that a Fourth Amendment violation is a necessary prerequisite for a Fourteenth Amendment claim—and strongly suggests that immunity from the Fourth Amendment claim also gives rise to immunity under the Fourteenth Amendment. In that case, a social worker (McCann) interviewed two children (L. and G.) at school during the course of an investigation. *Dees*, 960 F.3d at 1149; *accord Dees v. Cty. of San Diego*, No. 14-CV-189-BEN (DHB), 2016 WL 9488706, at *2 (S.D. Cal. May 13, 2016). At summary judgment, the *Dees* trial court noted that *Greene* had been vacated and rightly found that "Defendants are therefore entitled to qualified immunity on Plaintiffs' Fourth and Fourteenth Amendment claims arising out of the re-interview." 2016 WL 9488706, at *6. However, qualified immunity does not shield municipalities from liability, *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011), and the related *Monell* claim proceeded to trial, 2016 WL 9488706, at *10. The jury found in favor of the municipal defendant on the interview-related *Monell* claim, but the plaintiff (successfully) sought judgment as a matter of law. *Dees v. Cty. of San Diego*, 302 F. Supp. 3d 1168, 1173 (S.D. Cal. 2017), *aff'd in part, rev'd in part and remanded*, 960 F.3d 1145 (9th Cir. 2020). On appeal, the Ninth Circuit reversed the district's court's granting of judgment as a matter of law, 2016 WL 9488706, at *8, reasoning that "the district court erred in granting [the minor] judgment as a matter of law on her Fourth Amendment claim, *which also precludes [the parent's] Fourteenth Amendment claim on the seizure*." *Dees*, 960 F.3d at 1153 (emph. added).

Because the remaining defendant in *Dees* was a municipality, the Fourteenth Amendment claim could not be resolved on the basis of qualified immunity—and was decided on the merits. Nevertheless, *Dees* concluded that plaintiffs cannot establish the merits of a Fourteenth Amendment claim where the same facts fail to give rise to

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

a Fourth Amendment claim. By analogy, Defendants respectfully submit that—as it concerns an individual defendant—a finding that qualified immunity bars a Fourth Amendment claim also bars a Fourteenth Amendment claim on the same facts. Here, qualified immunity bars liability for any Fourth Amendment violation, as discussed in Part IV.A.1, *supra*. Consequently, the lack of any Fourth Amendment claim, in the parlance of *Dees*, "also precludes" any Fourteenth Amendment claim "on the seizure."

### 3. As to the First Amendment, qualified immunity shields Defs. Olarte and Gonzalez from liability because the law of such a claim is not clearly established or, alternatively, because it is derivative of the failed Fourteenth Amendment claim.

#### a. Plaintiffs' asserted First Amendment right is stated too generally.

Determining qualified immunity requires identifying the specific right violated, determining whether it is clearly established, and determining whether reasonable officers would believe their conduct was lawful. *McDade*, 223 F.3d at 1142. Here, the right asserted by Plaintiffs is the First Amendment "right[] to be free from unjustified, unreasonable, and unlawful interference in their relationship." FAC ¶ 174. This, however, is too broad a proposition for purposes of qualified immunity. "Under [Supreme Court] cases, the clearly established right must be defined with specificity." *City of Escondido, Cal. v. Emmons*, —U.S.—, 139 S. Ct. 500, 503, 202 L. Ed. 2d 455 (2019). The Supreme Court "ha[s] repeatedly told courts—and the Ninth Circuit in particular, [citation]—not to define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (citation omitted). The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." *Id.* Consequently, the relevant inquiry must account for the particular conduct at issue here: *i.e.*, whether any authority clearly establishes that the First Amendment is violated in the specific context of an in-school interview by a social worker. Properly framed, it is clear that no such law is clearly

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No. 2:18-CV-7759-CBM-AS

1   established, as discussed next.

2           *b.*      *The Supreme Court does not recognize the right at issue here.*

3         To determine whether a right is clearly established, a court turns first to Supreme

4   Court and Ninth Circuit law existing at the time of the alleged act, and then—if binding

5   precedent is absent—to the law of other circuits and district courts *Cmty. House,*

6   *Inc.*623 F.3d at 967; *Osolinski*, 92 F.3d at 936.

7         The Supreme Court has never recognized a First Amendment familial

8   association claim of the type pressed by Plaintiffs here. The Supreme Court, discussing

9   the freedom of association, has noted that its decisions refer to such freedom in "two

10  distinct senses":

11  > [1] In one line of decisions, the Court has concluded that choices to

12  > enter into and maintain certain intimate human relationships must be
    > secured against undue intrusion by the State because of the role of such

13  > relationships in safeguarding the individual freedom that is central to
    > our constitutional scheme. In this respect, freedom of association

14  > receives protection as a fundamental element of personal liberty.
    > [2] In another set of decisions, the Court has recognized a right to

15  > associate for the purpose of engaging in those activities protected by the
    > First Amendment—speech, assembly, petition for the redress of

16  > grievances, and the exercise of religion. The Constitution guarantees
    > freedom of association of this kind as an indispensable means of

17  > preserving other individual liberties.

18  *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617–18 (1984); *accord Bd. of Directors of*

19  *Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545–46 (1987). The two, distinct

20  textual bases for these freedoms within the Constitution are clear (even in the Ninth

21  Circuit), with "(1) freedom of intimate association, protected under the Substantive

22  Due Process Clause of the *Fourteenth Amendment*; and (2) freedom of expressive

23  association, protected under the Freedom of Speech Clause of the *First Amendment*."

24  *Erotic Serv. Provider Legal Educ. & Research Project v. Gascon*, 880 F.3d 450, 458

25  (9th Cir.) (emph. added), *amended*, 881 F.3d 792 (9th Cir. 2018) (citing *Jaycees*, 468

26  U.S. at 617–18); *Mann v. City of Sacramento*, 748 F. App'x 112, 114 (9th Cir. 2018);

27  *accord Montgomery v. Stefaniak*, 410 F.3d 933, 937 (7th Cir. 2005). Plaintiffs,

28  however, do not bring a claim for expressive association. Their First Amendment

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

claim, rather, is entirely derivative of the familial association rights allegedly violated under the Fourteenth Amendment.

In at least two other cases, district courts have dismissed a First Amendment claim because "Plaintiffs do not identify an associational interest related to speech and petition that would support a claim under the First Amendment." *Shaymus v. Tulare Cty.*, No. 1:14-CV-01633, 2015 WL 3466942, at *12 (E.D. Cal. June 1, 2015); *accord A.M. ex rel. Youngers v. New Mexico Dep't of Health*, 117 F. Supp. 3d 1220, 1256 (D.N.M. 2015) (concluding plaintiff's First Amendment "expressive-association claim fails, because she does not allege that the Individual DOH Defendants prevented her from associating with others for expressive purposes").

Because the Supreme Court has never recognized a naked First Amendment familial association right, divorced from any First Amendment-protected activities, Defendants submit that the First Amendment does not protect familial association rights unless a separately-protected First Amendment interest has been alleged. *But see* discussion of Ninth Circuit authority *infra* Part IV.A.3.c. Separate and apart from qualified immunity, Defendants submit that Plaintiffs cannot state a prima facie case for a First Amendment associational claim for interference with their familial relations without alleging protected expression as well. Admittedly cognizant that the likelihood of prevailing on this narrow point is low, Defendants respectfully request judgment on the pleadings on this basis specifically (in addition to qualified immunity), preserving their rights as to future proceedings.

> c.   *While the Ninth Circuit has alluded to First Amendment protections for family rights in several cases, it has never articulated a legal standard for such a claim.*

In *Kelson v. City of Springfield*, a family alleged § 1983 claims for "violations of their fundamental parental rights guaranteed by the Ninth Amendment without the due process required by the Fifth and Fourteenth Amendments, and violations of their right to association with their son guaranteed by the First Amendment without the due

22

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

process to which they were entitled under the Fourteenth Amendment." 767 F.2d 651, 653 (9th Cir. 1985), *implicitly overruled on unrelated grounds as noted in Smith v. City of Fontana*, 818 F.2d 1411, 1418 n.1 (9th Cir. 1987). In *Keates v. Koile*, the Ninth Circuit stated that the First Amendment protects "family relationships, that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life." 883 F.3d 1228, 1236 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001)). *Lee* contains the closest articulation of the right asserted here. There, the Ninth Circuit concluded that "[a]ssuming the truth of these allegations, plaintiffs have adequately alleged that defendants' actions and policies constituted an 'unwarranted interference' with [the plaintiffs'] right to familial association under both the First and Fourteenth Amendments." *Lee*, 250 F.3d at 686. However, *Lee* cites to *U.S. Jaycees* and *Rotary Club* in its First Amendment discussion, *id.* at 585, even though these cases—as discussed above—do not create First Amendment rights for families unless there is *expressive conduct*.

Despite making reference to the First Amendment, none of these cases—*Keates*, *Lee*, or *Kelson*—set forth the elements of a First Amendment familial association claim at *any* level of generality. Defendants note that, in the specific context of removing children, the Ninth Circuit has held that the legal test for *Fourth* and *Fourteenth* Amendment claims are the same. *Keates*, 883 F.3d at 1236. But no instruction about the analysis for a First Amendment claim has been located by Defendants in any published Ninth Circuit opinion. *But see* discussion *infra* Part IV.A.3.d (discussing unpublished opinion).

More importantly, even if the Ninth Circuit cases had identified a legal standard, it would not apply here. None of *Keates*, *Lee*, or *Kelson* involved an interview of a minor at school by a social worker. So even if these cases *do* set forth a First Amendment right of familial association generally, they do not clearly establish that

**DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No. 2:18-CV-7759-CBM-AS

1  such a right is violated in the specific context of a school interview. A clearly

2  established right is one that is sufficiently clear that every reasonable official would

3  have understood that what he is doing violates that right. *Mullenix v. Luna*, —U.S.—,

4  136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015); *accord Vazquez v. Cty. of Kern*, 949

5  F.3d 1153, 1164 (9th Cir. 2020). It would be impossible for any reasonable official to

6  conclude that the First Amendment prohibited interviewing a minor at school under

7  any of the relevant, binding decisional authority.

8      Looking to Ninth Circuit district court cases is further proof that the law is not

9  clearly established. The unclear nature of First Amendment familial association claims

10  has been observed by numerous district courts. *Valdez v. City of Phoenix*, No. 18-CV-

11  0921, 2019 WL 5390508, at *4 (D. Ariz. Oct. 22, 2019) (noting no Ninth Circuit case

12  specifies conduct or elements that constitute First Amendment claim for familial

13  association); *Martinez v. City of W. Sacramento*, No. 16-CV-2566, 2019 WL 448282,

14  at *18 (E.D. Cal. Feb. 5, 2019) (noting "there are no clear standards"); *Nguyen v.

15  Kaiser Found. Health Plan, Inc.*, No. 17-CV-1700905, 2018 WL 6131949 (C.D. Cal.

16  July 27, 2018) (noting same), *report and recommendation adopted*, 2018 WL 6131600

17  (C.D. Cal. Sept. 14, 2018); *Kaur v. City of Lodi*, 263 F. Supp. 3d 947, 973 (E.D. Cal.

18  2017) (noting same); *Slusher v. City of Napa*, No. 15-CV-2394, 2015 WL 8527411, at

19  *7 (N.D. Cal. Dec. 11, 2015) ("there appears to be no controlling case law regarding

20  the legal standard for stating a familial association claim under the First Amendment");

21  *Castillo v. Cty. of Los Angeles*, No. 14-CV-7702, 2015 WL 13639579, at *11 and *11

22  n.5 (C.D. Cal. Apr. 17, 2015) ("there are no clear standards for assessing Plaintiffs'

23  claims under the First Amendment"); *Schwartz v. Lassen Cty. ex rel. Lassen Cty. Jail*,

24  No. 10-CV-3048, 2013 WL 5375588, at *10 (E.D. Cal. Sept. 24, 2013) ("the Court is

25  aware of no Ninth Circuit case setting out specifically the conduct or elements that

26  constitute violation of familial association under the First Amendment"); *Reyes ex rel.

27  Reyes v. City of Fresno*, No. 13-CV-418, 2013 WL 2147023, at *10 (E.D. Cal. May

28  15, 2013) ("the contours of a First Amendment familial association claim are

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

24

unclear").

Consequently, given the unclear nature of a First Amendment familial association claim in the Supreme Court and the Ninth Circuit, Defendants are shielded from such a claim by qualified immunity.

> ### d.   Non-binding precedent supports application of the Fourteenth Amendment's standard, which the claim fails to satisfy.

Even if the Court disagrees with Defendants' qualified immunity argument vis-à-vis the First Amendment, judgment on the pleadings is nevertheless justified because the overwhelming weight of authorities applies Fourteenth Amendment legal standards to First Amendment familial association claims—a legal standard which the interview-related allegations fail.

In the absence of controlling First Amendment case law, some courts simply apply the Fourteenth Amendment's legal standard. The Ninth Circuit has recognized—albeit in an unpublished decision—that the legal standards are the same: "we analyze the right of intimate association in the same manner regardless whether we characterize it under the First or Fourteenth Amendments." *Mann v. City of Sacramento*, 748 F. App'x 112, 115 (9th Cir. 2018). *Mann*, while unpublished, does not stand alone in applying Fourteenth Amendment analysis to a First Amendment claim in the context of familial association. *Reyes* found a First Amendment intimate association claim subject to dismissal by relying on the principle that "when a particular Amendment provides an explicit textual source of constitutional protection against particular government conduct, that Amendment must be the guide." 2013 WL 2147023, at *10 (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). In *Bock v. City of Los Angeles*, a district court analyzed First and Fourteenth Amendment claims together and did not use distinct legal tests. No. 18-CV-6485, 2019 WL 1601382, at *4 (C.D. Cal. Feb. 8, 2019), *appeal dismissed*, No. 19-55872, 2019 WL 7757836 (9th Cir. Oct. 31, 2019).

*Kaur*, relying on *Lee*, "conclude[d] that Plaintiffs' First Amendment rights to

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

25

familial association are measured by the same standard as Fourteenth Amendment rights to familial association," 263 F. Supp. 3d at 973; *Slusher*, also relying on *Lee*, found that a Fourteenth Amendment due process violation is a necessary prerequisite for a First Amendment familial association claim, 2015 WL 8527411, at *7; *Nguyen* "applie[d] the Fourteenth Amendment standard to Plaintiff's First Amendment claims," 2018 WL 6131949, at *8; *Alberici v. Cty. of Los Angeles* analyzed a First Amendment claim "involve[ing] official conduct that allegedly interferes with familial relations" under the same shocks-the-conscience standard applicable under the Fourteenth Amendment, No. 12-CV-10511, 2013 WL 5573045, at *17 (C.D. Cal. Oct. 9, 2013); in *Fakoya v. Cty. of Clark*, a district court found that "the right to family association arises not under the First Amendment but under the Fourteenth Amendment's Due Process Clause" and that the First Amendment claim was "subsumed within the due process claim in count one and fail[ed] to state a separate claim under the First Amendment, No. 12-CV-02149, 2014 WL 5020592, at *6 (D. Nev. Oct. 8, 2014); and *Castillo* "f[ound] it appropriate to apply the Fourteenth Amendment standard to Plaintiffs' First Amendment claims," 2015 WL 13639579, at *11 n.5. Defendants note that the reciprocity between the First and Fourteenth Amendments observed by some district courts works in both directions—even to the benefit of a plaintiff. In *Estate of Osuna v. Cty. of Stanislaus*, the court found that the successful pleading of a Fourteenth Amendment claim permitted a First Amendment claim to survive. 392 F. Supp. 3d 1162, 1178 (E.D. Cal. 2019); *accord Lucas v. Cty. of Fresno*, No. 18-CV-1488, 2019 WL 7370418, at *3 (E.D. Cal. Dec. 31, 2019).

Additionally, in at least five other circuits, courts use the Fourteenth Amendment legal standard. The Second Circuit applies the "identical analysis" to both First Amendment familial association and Fourteenth Amendment substantive due process claims. *Doe v. Cappiello*, 758 F. App'x 181, 184 (2d Cir. 2019). While the Fifth Circuit "has not addressed social workers' conduct as it relates to a First Amendment right to familial association," its district courts have concluded that the

**DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No. 2:18-CV-7759-CBM-AS

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1  Due Process analysis applies. *Welch v. Texas Dep't of Family & Protective Servs.*, No.
2  H-17-1091, 2018 WL 8805956, at *5 n.13 (S.D. Tex. Sept. 20, 2018).

3      In the Sixth Circuit, "intimate association claims, such as the right to family
4  association, are generally raised under the Due Process Clause of the Fourteenth
5  Amendment, whereas freedom of expressive association claims—right to assembly,
6  speech, petition for the redress of grievances, and the exercise of religion—are
7  protected by the First Amendment." *Kolley v. Adult Protective Servs.*, 725 F.3d 581,
8  587 (6th Cir. 2013). Similarly, the Seventh Circuit "has yet to recognize a First
9  Amendment familial association claim," but suggested that such a claim "arise[s]
10 under the Fourteenth Amendment, not the First." *Allen v. City of Moline*, No. 17-CV-
11 4066, 2017 WL 5617060, at *3 (C.D. Ill. Nov. 21, 2017) (citing *Montgomery*, 410
12 F.3d at 937); *see also Wesley v. S. Bend Cmty. Sch. Corp.*, No. 19-CV-32, 2019 WL
13 5579159, at *4 (N.D. Ind. Oct. 29, 2019), *appeal dismissed sub nom. Wesley v.
14 Johnson*, No. 19-3337, 2020 WL 2702507 (7th Cir. Feb. 6, 2020); *Rojas v. Dominick*,
15 No. 08-CV-5913, 2011 WL 2292315, at *2 (N.D. Ill. June 8, 2011).

16     The Tenth Circuit also acknowledges that the right to intimate and family
17 association is not protected by the First Amendment, but rather by the Fourteenth.
18 *Griffin v. Strong*, 983 F.2d 1544, 1547 (10th Cir. 1993); *see also JL v. New Mexico
19 Dep't of Health*, 165 F. Supp. 3d 996, 1040 (D.N.M. 2015) (discussing *Jaycees* and
20 *Griffin*).

21     Consequently, if the Court concludes that the unclear nature of the First
22 Amendment does not render Defendants immune, the Court may alternatively apply
23 the same legal standard applicable under the Fourteenth Amendment. Because the
24 FAC does not contain facts that meet the Fourteenth Amendment's requirement for a
25 plaintiff to show a loss in custody, as discussed in Part IV.A.2, *infra*, the First
26 Amendment claim fails for the same reasons as the Fourteenth Amendment claim: a
27 necessary element of the claim has not been pleaded.

28 ///

**DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No. 2:18-CV-7759-CBM-AS

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**B.**   **Plaintiffs cannot state a *Monell* claim based on the in-school interview under the First or Fourteenth Amendments.**

A *Monell* claim requires "a showing that the individual's constitutional violation 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers.'" *Palmerin v. City of Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1986) (alteration in *Palmerin*) (quoting *Monell*, 436 U.S. at 690). Absent any constitutional violations by an individual defendant, there can be no *Monell* liability. *Id.* at 1414–15. "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (emphasis in original).

As to the Fourteenth Amendment, as discussed in Part IV.A.2, *supra*, Plaintiffs cannot set forth a colorable familial association claim because the act of interviewing Pl. G.X. at school did not result in a loss of custody. While it does signify that Plaintiffs were the subject of a child welfare investigation, this alone is insufficient. *Dees*, 960 F.3d at 1152. Without a Fourteenth Amendment violation by Def. Olarte or Def. Gonzalez, Plaintiffs cannot continue to litigate a *Monell* claim alleging that such a non-actionable claim resulted from Def. County's policies. *Heller*, 475 U.S. at 799; *Palmerin*, 794 F.2d at 1414–15.

As to the First Amendment, Defendants respectfully submit that interviewing a minor in a school does not violate the First Amendment. No Supreme Court or Ninth Circuit case has ever held that such an interview violates the First Amendment. *See* discussions *supra* Parts IV.A.3.b *and* IV.A.3.c. To the extent that the Court may apply the Fourteenth Amendment legal standard to the First Amendment allegations, the failure to adequately allege a Fourteenth Amendment claim against Defs. Olarte and Gonzalez (because the interview did not result in a lack of custody) precludes any related *Monell* claim against the entity. *Heller*, 475 U.S. at 799; *Palmerin*, 794 F.2d at

28

1414–15.

## C. **The Court should adjudicate the medical examination claim (fourth claim) for purposes of housekeeping.**

As the Court previously noted, the fourth claim for relief was dismissed without prejudice due to the parties' agreement. ECF No. 26, at 10:8–9. However, it was realleged verbatim in the FAC. Defendants understand that the inclusion of this claim in the FAC was inadvertent. Nevertheless, it is present in the FAC. Consequently, for purposes of housekeeping, Defendants request the claim be adjudicated in favor of Defendants under Rule 12(c).

## V. **CONCLUSION**

For the reason discussed above, Defendants request the Court grant the motion.

Date: July 17, 2020

**PETERSON • BRADFORD • BURKWITZ**

By: */s/ Ryan A. Graham, Esq.*

Avi Burkwitz, Esq.
Ryan A. Graham, Esq.,
*Attorneys for Defendants*
COUNTY of L.A., HARRIS, OLARTE,
GONZALEZ, and HASHIZUME

**DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No. 2:18-CV-7759-CBM-AS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On July 17, 2020, I served the foregoing document described as:
**Defendants' Notice of Motion and Motion for Judgment on the Pleadings (Rule 12(c))**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED MAILING LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY FACSIMILE:** I served by facsimile a true copy of the above-described document.  I am "readily familiar" with this firm's practice of processing correspondence by fax.  Under that practice documents are placed in our fax machine and are processed and received simultaneously at their destination. The above-referenced document(s) was placed in the fax machine with all costs of faxing prepaid, directed to each party (using their fax number), listed on the attached Service List.  Once the document has been transmitted, the fax machine provides a report indicating time of completion.

☐ **BY OVERNIGHT EXPRESS MAIL:**  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence by Overnight Express mailing.  Under that practice it was deposited with the Overnight Express service on that same day with proper postage thereon fully prepaid at Burbank, California in the ordinary course of business.

☐ **BY PERSONAL SERVICE:**  I delivered such envelope by hand to the addressee.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 17, 2020, at Burbank, California.

/s/ Lilliana Rosales

Lilliana Rosales

## SERVICE LIST

| RE: | Scanlon, Rachel v. County of Los Angeles, et al. | |
|---|---|---|
| | **Case No.:** | 2:18-CV-07759-CBM (ASx) |

Robert R. Powell, Esq.
rpowell@rrpassociates.com
**Law Offices of Robert R. Powell**
925 West Hedding St.
San Jose, Ca 95126
T: (408) 553-0201
F: (408) 553-0203

Rachel R. Raymond, Esq.
rachelrraymond@gmail.com
**Law Offices of Rachel R. Raymond**
1151 El Centro Street
Suite D
S. Pasadena, CA 91030-5756
T: (626) 269-9490
F: (626) 639-3140

**Attorneys for Plaintiff's
Rachel Scanlon, as Guardian Ad
Litem for minor children K.X., and
G.X., and Steven Sawyer**

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No. 2:18-CV-7759-CBM-AS